## JAMES STRACHAN v. CYRUS L. BROWN, DRAIN COM'R ET AL.

*Proceedings to lay out a drain—Notice.*

Notice of the time and place for the appointment of commissioners for laying out a township drain, and of the time and place of their meeting, and of all suspended or adjourned proceedings, must be given in order that parties interested may be present to scrutinize appointments and protect their own interests; otherwise their proceedings are invalid.

The necessity of notice is implied in a statute which provides for taking private property.

Certiorari to drain commissioner and township clerk. Submitted June 13. Decided June 21.

*Mitchel & Pratt* for plaintiff in certiorari.

*Blanchard & Bell* and *A. B. Morse* for defendants in certiorari. Notice of the appointment of commissioners for taking land for public use is not necessary where it is not prescribed, *Beekman v. S. S. R. R.*, 3 Paige, 75; and land owners have no constitutional right to be heard in selecting the commissioners; Cooley Const. Lim., 538; *Hood v. Finch*, 8 Wis., 381.

CAMPBELL, C. J.   This is a proceeding to review the action of the township drain commissioner in laying out a drain. Several questions are raised on the record, but an important jurisdictional difficulty renders the rest unimportant.

Instead of summoning a jury, the drain commissioner applied to the judge of probate for the appointment of three commissioners to serve in the place of jurors. This application was made *ex parte,* and the commissioners so appointed acted also *ex parte* in determining the necessity of the work and the damages to be allowed.

If jurors had been summoned, the law provides that the land owner refusing to release a right of way shall be at liberty to strike off names from the panel. And the statute plainly contemplates that the party may always be present, and look after his rights. It therefore involves the necessity of either proceeding without a break after the first notice to appear, or else of giving some adequate notice of all suspended or adjourned proceedings. See L. 1875 (No. 140), p. 166, et seq.

The provision concerning commissioners is very brief. The drain commissioner is authorized to "apply to the probate court of his county for the appointment of three commissioners to act in place of said jury, who shall take the same oath and perform the same duties prescribed above for said jury." § 5.

It is the action of these commissioners which finally disposes of the rights of the land owner. He is as much concerned in securing competent and impartial commissioners, as jurors, and unless he can be heard

39 MICH.—22.

at the time of their appointment his rights may be seriously endangered. The law regards the drain commissioner as representing in some degree adverse interests. He acts as an adverse representative in striking off jurors, and possesses the very dangerous discretion of choosing to dispense with jurors altogether. A person acting in such a capacity cannot be allowed to proceed by his own suggestions before the probate court, without giving his adversary a chance to object to improper commissioners and suggest proper ones. There can be no presumption that the probate court will be able to secure entirely impartial commissioners, when no one is present to scrutinize them. The judge can have no means of searching out possible objections. It would be quite as proper to allow a jury to be summoned without any opportunity of objection, as to permit commissioners with the same functions to be thus selected. We must hold, as was held in *Swan v. Williams*, 2 Mich., 427, that although the statute should be silent on the subject of notice, its necessity is implied, where private property is invaded. Probably the reason why no express provision is made for notice of this application may be found in the fact that juries are the rule and commissioners the exception, and in case of juries, the proceedings are intended to be continuous and the original notice would secure to the party knowledge of all the subsequent proceedings. As already suggested, in case of adjournments or intervals, some method of information must be found, because the presence of the party opposing is assumed throughout. We have no doubt the statute designed the same fullness of notice in case of the choice of commissioners, not only of the time and place of their appointment, but also of the time and place of their meeting, so that all parties interested may be heard and may introduce their proofs if they choose to do so.

We think these proceedings are fatally defective in having been taken without any such notice. The stat-

ute makes the duties of jurors and commissioners identical in all respects, and certainly never could have been designed to destroy the means of securing either an impartial choice of persons, or impartial action of those chosen.

The proceedings must be quashed, but without costs.

The other Justices concurred.