CATHARINE WILLCHECK v. JOHN EDWARDS, DRAIN COMMISSIONER, ET AL.

*Notice of proceedings to open drain.*

In proceedings to open a drain under Act 140 of 1875, notice of the application to the Probate Court for the appointment of commissioners is necessary to the jurisdiction. And the drain should be identified or described in the order of the Probate Court, or in the commissioner's finding of the necessity for opening it.

CERTIORARI to drain commissioner. Submitted October 22. Decided October 30.

*George C. Green* and *Atkinson & Atkinson* for plaintiff in certiorari.

*Engle, Drury & Engle* for defendants in certiorari.

CAMPBELL, C. J.    The certiorari in this case was issued to review proceedings for opening a drain over lands of plaintiff under the township drain law of 1875.

It appears from the return that no notice was given of the application to the probate court for the appointment of commissioners; and this was necessary to their jurisdiction. *Strachan v. Brown*, 39 Mich., 168; *Taylor v. Burnap*, id., 739.

Neither the order of the probate court nor the finding of the commissioners of the necessity of the drain identifies or describes it.    There are also several other defects not necessary to refer to.

The proceedings must be quashed.

MARSTON and GRAVES, JJ., concurred.

COOLEY, J.    I am of opinion that the writ of certiorari in this case should be dismissed.    The proceedings which are brought up by it were finally closed in August, 1878, and we do not know what may have taken place since.    It is reasonable to conclude that contracts have been let, and that rights have accrued in reliance upon the proceedings, and it is not at all improbable that the plaintiff in certiorari is herself reaping permanent benefit from what has been done under the proceedings she now seeks to set aside.    In my opinion we ought never to interfere in these cases after any considerable delay unless it is very satisfactorily explained.