EPHRAIM F. BENNETT v. DAVID S. OLNEY, DRAIN COM'R AND FRANK J. RAYMOND, TOWNSHIP CLERK.

*Drain proceedings—Application—Proof of service of citation—Description of land—Proceedings of special commission.*

1. An application for a drain is insufficient which, while it describes the line which it must follow between termini and gives the dimensions of the ditch, does not indicate from which side of the line land must be taken for it.

2. A probate judge cannot appoint special drain commissioners without proof by affidavit that his citation to persons concerned in the proposed drain has been duly served on them.

3. A probate order for the establishment of a drain must describe the lands to be affected by the proceedings, or must furnish the special commissioners the means of ,ascertaining the various parcels belonging to the respective owners concerned.

4. Special commissioners for running a drain cannot properly pass upon the necessity of taking land for it unless, while viewing the premises, they have before them the application for the drain, and minutes of the proceedings of the drain commissioners, including a copy of the application to the probate court for special commissioners, the citation annexed and proof of service thereof and the minutes of the survey signed by the supervisor. How. Stat. § 1700.

Certiorari. Submitted April 23. Proceedings quashed May 13.

*S. F. Smith* for plaintiff.

*Jerome E. Turner* and *Jerome W. Turner* for defendants.

CHAMPLIN, J.   This is certiorari to review the proceedings to lay out and establish " Darling Drain No. 1." Certain irregularities in the proceedings are pointed out, and relied upon by the plaintiff in the writ, claimed to be jurisdictional, and therefore fatal to the proceedings, as follows: (1) That there was no evidence before the drain commissioner that the application for the construction of the drain was made by five or more freeholders residing in the town, nor was such application verified by the oath of any person. (2) That such application does not specify the quantity of land proposed to be taken or occupied for the construction of the drain. (3) The application does not describe any line of the proposed drain, nor the commencement nor the termination thereof. (4) Because the determination of commissioner is not a determination of " the necessity and practicability of the drain applied for and specified, nor that such drain is a public necessity." (5) It does not determine or show the route, width, length or depth of the drain, nor establish the commencement or termination thereof. (6) Because the proceedings before

the probate court for the appointment of special commissioners gave the court no jurisdiction to appoint such commissioners, for the following reasons: (*a*) The application to such court did not affirmatively show that at the time of the filing thereof more than twenty days has elapsed since the determination of the necessity and establishment of the drain. (*b*) The application did not show or specify the commencement, termination, or size of the drain, nor the quantity of land. (*c*) The probate court did not appoint a time for hearing and considering such application. (*d*) The court had no authority to issue the citation, nor to appoint three special commissioners. (7) It does not appear that the special commissioners were sworn faithfully to discharge their duties. (8) The special commissioners did not ascertain the just compensation to be made for any land taken for such drain, or that the necessity for taking land for such drain was a public necessity. (9) The notice of letting drain contract, the computation and apportionment of cost, were void.

Other objections were made, but the above are sufficient to a decision of the case. The application, and all the proceedings subsequently, merely described a line between the termini, and did not describe the land to be taken and appropriated for the purpose of constructing the drain. It gave the dimensions of the drain, viz., that the width on top should be not less than twelve feet, width on bottom two feet, average depth five feet, uniform slope to each side; but it did not state which side of the line the land should be taken, or give any data from which they could with any certainty be ascertained. The drain was to be constructed through the lands of three different owners. These owners did not release the right of way, nor their damages and compensation, and the drain commissioner applied to the judge of probate to appoint three special commissioners to determine the necessity of the drain, and of taking the land therefor for the public use. The probate judge issued his citation to the persons named to appear before him to be heard on the 11th day of March, 1884, with respect to such application. The statute provides that the drain commissioner may

serve this citation either personally upon all persons whose lands are traversed by the drain, or upon the occupants of such lands in writing, by delivering a copy to such persons, or by leaving a copy at the residence of such persons with some person of suitable age; and the court shall require proof of its service by affidavit showing the manner of service. The record shows that the judge of probate proceeded to appoint three special commissioners without proof by affidavit that the citation issued by him had been served, and consequently he had no jurisdiction to make such appointment. *Strachan v. Brown* 39 Mich. 168; *Taylor v. Burnap* 39 Mich. 739; *Milton v. Wacker* 40 Mich. 229; *Willcheck v. Drain Com'r* 42 Mich. 105; *Tireman v. Drain Com'r* 40 Mich. 175; *Lampson v. Drain Com'r* 45 Mich. 150.

The order of the probate court, while identifying the route, contained no description of lands belonging to the several owners, respectively, so that there was no means by which the special commissioners could ascertain the quantity or the several parcels belonging to the different owners. The special commissioners proceeded, however, and made their report. They reported that they examined the *line of the drain;* but did not report whether they proceeded to view the premises. Indeed, it is not perceived how they well could have done so, as no premises were described, either in the application for the drain or the order appointing them. The statute provides that these special commissioners shall have present at such viewing and hearing the application for laying out the drain, with the minutes of the action of the drain commissioner thereon, so far as had, including a copy of the application to the probate court, with the citation annexed, and proof of service thereof, with the minutes of the survey signed by the surveyor. § 1700. This provision of the law was wholly ignored, and they returned that they determined it was necessary, for the construction of said drain, that there be taken for public use and benefit the lands on the line of said drain wide enough to excavate the same as on grade, with one foot slope to one foot of rise, and two feet on the

bottom, and that no person sustained any damage by reason thereof.

. The action of the special commissioners could not be sustained even if they had been appointed by a court having jurisdiction. The proceedings are quashed, with costs.

The other Justices concurred.