M. S. C. DONNELL, Appellant, v. HIRAM LEE *et al.*, Respondents.

Kansas City Court of Appeals, May 14, 1894.

1. **Arbitration and Award:** STATUTE OF FRAUDS: COMMON LAW. While a verbal submission to arbitration is valid at common law, yet where the law, as for instance the statute of frauds, requires a contract in writing, both the submission and the award must be in writing. In this case however the arbitrators did not consider any claim where the law requires contract to be in writing.

Donnell v. Lee.

2. ——: ——: NOTICE OF THE HEARING: APPELLATE PRACTICE. In this case the trial court instructed the jury that if the arbitrators failed to give notice to the plaintiff of the hearing, then the award was void. The court as a jury found in favor of the award. The evidence amply justifies the finding. *Held*, the finding binds this court.

3. ——: ——: REVOCATION OF SUBMISSION: COMMON LAW. In common law arbitrations, a party may at any time before the award is announced revoke the arbitration, and the refusal of an arbitrator to act or to proceed further after commencing, operates as a revocation.

4. ——: ——: ——: ——: APPELLATE PRACTICE. The court in this case gave an instruction that if before the arbitrators made an arbitration, the submission was revoked by the plaintiff, and the arbitrator Self declined to further act as arbitrator, then the award was void. The court then, sitting, as a jury, found in favor of the award. The evidence as to the revocation was conflicting. *Held*, it is not the province of the appellate court to weigh evidence and the finding of the trial court is conclusive.

5. ——: ——: PAROL SUBMISSION AND AWARD: INEFFECTUAL WRITING: COMMON LAW. Under a common law arbitration an award may be made orally, unless otherwise stipulated in the submission, and when made it has the same binding force as if evidenced by a writing; and a parol award will not be vitiated by a subsequent ineffectual attempt to reduce the same to writing.

6. Arbitration: AUTHORITY TO ASSESS DAMAGES IN WHEAT. On the evidence in this case an iustruction declaring that there was no evidence tending to prove authority in the arbitrators to award wheat intead of money in payment of the defendant's damages was properly refused.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON and HON. J. H. SLOVER, Judges.

AFFIRMED.

*G. F. Ballingal* and *Botsford & Williams* for appellants.

(1) The oral agreement for arbitration between the parties upon which the alleged award in evidence is claimed to have been made, included therein the claim for an alleged breach by appellant of an oral lease to

respondents of the premises in controversy for a period of two years, and said award purports to settle said controversy in regard to the rental of said lands. It was therefore void under the statute of frauds, and the award if made, if otherwise valid, is invalid and not binding on appellant. R. S. 1889, sec. 5186; *French v. New*, 28 N. Y. 150; Caldwell on 'Arbitration, cited in *French v. New*, 28 N. Y. 150; *McMullin v. Mayo*, 16 Miss. (8 Smedes & Marsh) 298; *Smith v. Bullock*, 16 Vt. 592; Morse on Arbitration and Award [Ed. 1872], p. 50, and cases cited; R. S. 1889, sec. 5186; *Philbrick v. Preble*, 18 Me. 255; s. c., 36 Am. Dec. 718, 719, and notes. (2) Notice was not given to appellant by the arbitrators of their intention to make a final award, or of the time or place of the action of the arbitrators, or of any hearing under the submission. And no hearing was in fact had, of the main question submitted to them for arbitration, the liability of appellant for damages under his contract of rental of the lands in controversy to respondents. The award is therefore a nullity, and not binding on appellant. *Slocum v. Damon*, 1 Pinn. (Wis.) 521–526; *Peters v. Newkirk*, 6 Cow. (N. Y.) 103; *Lutz v. Linthicum*, 8 Pet. (U. S.) 178; *Elmendorf v. Harris*, 23 Wend. 628; *Crowell v. Davis*, 12 Metc. (Mass.) 297; *Carter v. City of Sacramento*, 64 Cal. 102; *Emery v. Owings*, 7 Gill (Md.), 488; s. c., 48 Am. Dec. 580–586, and notes; 1 Am. and Eng. Encyclopedia of Law, 683, and case cited in notes 283; Morse on Arbitration and Award [Ed. 1872], 118, 119, and case cited; *Hollingsworth v. Leper*, 1 Dall. (Pa.) 161; *Lincoln v. Mfg. Co.* 8 Cush. (Mass.) 415–418; *Drew v. LeBurn*, 2 Macq. H. L. Cases, 1. (3) A submission to arbitration at common law may be revoked at any time before the making and publication of the award. *Railroad v. Railroad*, 139 Mass. 469. And the institution of this

action without notice of the award, and before any publication of the award and before it was signed by the arbitrators, was a complete revocation of the award. *Peter v. Craig*, 6 Dana (Ky.), 307. Before any final award was made the arbitrator, Self, notified appellant that he would refuse to act further in the arbitration. This constituted a revocation. Morse on Arbitration and Award [Ed. 1872], p. 236, and cases cited. And this revocation was binding on both parties. 1 Am. and Eng. Encyclopedia of Law, 666, and cases cited. The court declared the law properly for appellant on this branch of the case in his third declaration of law given. But his finding to the contrary was without evidence to support it. *Halstead v. Leamen*, 82 N. Y. 27. (4) It is fundamental that an award made, without notice to the party sought to be charged is void, and is neither a good foundation for an action or a defense. *Kingsley v. Bell*, 9 Mass. 198; 1 Am. and Eng. Encyclopedia of Law, p. 704, and cases cited; see, also, Morse on Arbitration and Award, 285–289, and cases cited; *Hamlin v. Duke*, 28 Mo. 167; *Phillips v. Couch*, 66 Mo. 219–224; *Lumber Co. v. Schneider*, 119 N. Y. 476, 482; *Pollard v. Lumpken*, 6 Grat. (Va.) 398. (5) The undisputed evidence in this case shows, that without any further action by the arbitrators one arbitrator signed the award from four to seven days after it was written up, at the request of respondents, and that the other arbitrator signed it afterward at such request, and not in the presence of his co-arbitrator. The award was, therefore, void, and the court erred in refusing appellant's eighth declaration of law. 1 Am. and Eng. Encyclopedia of Law, 683, and cases cited; *Moore v. Ewing*, 1 N. I. L. (Coxe) 144; *Peterson v. Ayre*, 15 C. B. (Eng.) 724; *Wade v. Dowling*, 4 El. & Bl. 44; *Stalworth v. Lins*, 13 Mees. & W. 712. (6) The court erred in refusing to give the appellant's

fourth declaration of law, that the alleged award in evidence was void because it was not signed by appellant, according to the intentions of said paper, and that it was void both as an adjustment and settlement, and is an arbitration by said arbitrators. Where an award is offered in evidence it is for the court to determine what facts were requisite to constitute a valid award, and to declare the legal effect of the award when made. *Tucker v. Allen*, 47 Mo. 488. (7) The court erred in refusing appellant's fifth declaration of law. The arbitrators had no authority to award the two hundred bushels to respondents for damages. There was no such agreement in the submission and that constituted the sole source of the power of the arbitrators. Morse on Arbitration and Award [Ed. 1872], pp. 177, 178, 180, and cases cited; *State v. Jones*, 2 Gill. (Md.) 49; *Brown v. Evans*, 6 Allen (Mass.) 333–339.

*Wash. Adams* and *F. L. Wilkinson* for respondents.

(1) In this state the statutory mode of arbitration is not exclusive of the common law method. *Carter v. Scaggs et al.*, 38 Mo. 302; *Williams v. Perkins*, 83 Mo. 379. (2) No special form of words are necessary to make a valid award. Technical precision and certainty are never necessary in an award. If it be expressed in such language so as plain men can understand it, that is enough. 1 Am. and Eng. Encyclopedia of Law, p. 693; *Roggers v. Caruthers*, 96 W. Va. 238, 246. (3) The intention to abide by the award is implied by law and need not be expressed. *Evans v. McKensey*, 6 Lit. (Ky.) 262; *Stewart v. Cass*, 16 Ver. 663; *Wilson v. Getty*, 57 Penn. 266. (4) An award is considered generally final and certain, and it is a general rule of construction of awards that

no intendment shall be allowed to overturn an award, but every reasonable intendment shall be allowed to uphold it. *Merrill v. Merrill*, 11 Ill. 565; *Strong v. Strong*, 9 Cush. (Mass.) 560; 1 Am. and Eng. Encyclopedia of Law, p. 696. (5) Where the submission is silent as to the time, an award is to be made, the arbitrator's authority continues until revoked. Russell on Arbitration, 140; *Small v. Thurlow*, 37 Me. 504. (6) The award may be delivered at any time, and being delivered to a party with the signature of one arbitrator, it may afterwards be signed by the other, and thereupon be good. *Saunders v. Heaton*, 12 Ind. 20; *Nichols v. Ins. Co.*, 22 Wend. (N. Y.) 125. (7) The courts are always liberal in the construction of awards, and an objection to an award must be apparent on its face, and in the absence of fraud, partiality or corruption, no extrinsic facts will be received in evidence to impeach it. *Todd v. Barlow*, 2 Johns. Ch. (N. Y.) 551; *Ebert v. Ebert*, 5 Md. 121; *Wethington v. Warren*, 10 Met. (Mass.) 431; *Bridgman v. Bridgman*, 23 Mo. 272; *Bennetts, Adm'r v. Russell, Adm'r* 34 Mo. 524; *Taylor v. Scott*, 26 Mo. App. 453. (8) An arbitrator is not a competent witness to impeach his own award. *Ellison v. Withers*, 78 Mo. 115. (9) At common law an award can no more be impeached when pleaded in defense than when the subject of an action. It has the same effect as a judgment and concludes the parties to the controversy from litigating the same matters anew. 1 Am. and Eng. Encyclopedia of Law, p. 711. *Hartwell v. Penn. F. Ins. Co.*, 60 N. H. 293; *Bowen v. Lazalere et al.*, 44 Mo. 383; *Mitchell v. Curran*, 1 Mo. App. 453. (10) Where the submission does not require the arbitrators to deliver the award in a certain time both parties are bound to take notice of it. *Houghton v. Borroughts*, 18 N. H. 199.

GILL, J.—In the year 1890 the defendants rented from plaintiff Donnell about one hundred acres of land in Jackson county, which was to be planted in wheat, plaintiff to furnish the seed, which, however, defendants were to return and in addition were to deliver to plaintiff the one-third of the crop as rent. In August, 1891, when the crop was about to be threshed, a dispute arose on the division of the product, defendants claiming more than two-thirds on account of some alleged default by plaintiff as to clearing out some alders on the land and as to ditching a portion of which he agreed to do and that plaintiff wrongfully sowed timothy on the wheat and thereby injured the crop. The parties then verbally agreed to submit these differences to David Self and Daniel Boone, two of their neighbors as arbitrators. These arbitrators met and investigated the matters in controversy; but as to whether or not they made an award is the real issue in the case. Defendants contend (and their evidence tends so to prove) that the arbitrators made an award by which they (defendants) were allowed to retain two hundred bushels of wheat in addition to their two-thirds because of damages done them by the acts and omissions of the plaintiff, while the testimony of the plaintiff tends to prove that no agreement was arrived at by the arbitrators and no binding award was made.

In pursuance of the terms of the award, as was claimed by defendants, they threshed the entire crop and delivered a third thereof, with a return of the borrowed seed wheat, to plaintiff's granary less the two hundred bushels which they claimed under the arbitration. Plaintiff refused to submit to this division and brought a suit in attachment levying on the wheat.

The issue on the plea in abatement was tried in one division of the circuit court at Kansas City, where the judge thereof, sitting as a jury, found for defendants. There was then a change of venue and the merits were tried by the judge of another division, and there again the defendants were successful. From both judgments—the one on the attachment and the one on the merits—plaintiff has appealed to this court.

It will be seen from the foregoing statement, that, although there were two trials—one on the merits and one as to the attachment—there was but one matter in issue, and that was whether or not this controversy between Donnell on the side and the Lees on the other had, before suit brought, been settled by a legal arbitration. The plaintiff is here attacking the validity thereof, and we proceed to notice the more material of his numerous objections.

I. First, it is claimed that the oral agreement for arbitration is invalid under the statute of frauds, in that defendants set up and had arbitrated an alleged right under a parol agreement to hold the rented premises for a term of two years; it is said that while a verbal submission is valid at common law, yet this is only true "where the subject-matter is such that a verbal agreement directly between the parties in the terms of the award would prevail. But where the law, as for instance the statute of frauds, requires the contract in writing, there both the submission and the award must be in writing."

It is a sufficient answer to this point to say that any alleged claim the Lees might have had to another year's lease of the land did not enter into this arbitration and award. The evidence is conclusive that the arbitrators did not consider this as an element of damage; it was not treated as in the range of the submission.

II.  It is next objected that the arbitrators failed
to notify the plaintiff of the hearing under the submis-
sion; that it was an *ex parte* investigation based alone
on such information as was given by the defendants.

There is no merit in this contention.  At plaintiff's
request the trial court as matter of law declared that
"if the arbitrators failed to give notice to plaintiff of
the time and place for hearing the claims of defendants
to be arbitrated," etc., then the alleged award was void
and did not bind the plaintiff.  Since the court declared
in favor of the award it must have been found that
plaintiff had sufficient notice of the hearing before the
arbitrators.  The evidence amply justifies this conclu-
sion.  On the day the arbitrators made the investiga-
tion they first went to plaintiff and asked instructions
as to how and when they should proceed.  Plaintiff
rehearsed in detail the matters in controversy, gave his
version thereof, and then directed the arbitrators to go
and look the land over, investigate and return their
finding and that he would abide the result.  The arbi-
trators adopted the mode of investigation pointed out
by the plaintiff, went to the field and looked over the
situation, saw the defendants and got from them a
statement of their claim; and then, according to
defendant's evidence, said arbitrators came to an under-
standing as to a proper settlement of the controversy
and made the same known to both parties.  Informal
though the hearing may have been, it was so conducted
with the plaintiff's assent, and he is not now in a sit-
uation to complain.

III.  It is, however, insisted that before the award
was made the submission to arbitration had been
revoked.  As to this feature of the case, the court, at
plaintiff's request, declared, "that if, before the arbitra-
tors, Boone and Self, made an arbitration (if one was
made by them), the arbitration was revoked by plaintiff

and the arbitrator Self declined to further act as arbitrator, then the award was void."

In common law arbitrations it seems that a party to a submission may at any time before the award is announced rescind or revoke the proposed arbitration. Morse on Arbitration and Award, p. 230. And further it seems also settled that the refusal of a person named as arbitrator to act as such; or if, having entered upon the service he declines to proceed and abandons the same before an award is made, then there is a revocation by operation of law. Morse on Arbitration and Award, p. 236. This is the theory of law invoked by plaintiff and which the court adopted by the declaration of law above quoted. The contention of plaintiff's counsel seems to be that on this theory the court erred in failing to find the fact that this submission to arbitration was revoked and was null and void when the arbitrators made the award.

It is not our province to weigh the evidence; that was left to the trial judge who sat as jury to try the facts, and as judge to declare the law. As to whether there was a revocation before an award was made is, under the evidence, a doubtful question. The testimony of the two arbitrators was in this regard attended with some conflict. Mr. Self testified, in substance, that on August 26, the day the first meeting was had, he and Boone made an effort to effect a compromise between Donnell and the Lees; that defendants offered to take two hundred bushels of wheat in settlement of their damages and that he (Self) agreed to this on condition that it was accepted by Donnell; that thereupon a settlement on this basis was incorporated in a short written statement which was signed by the Lees and forthwith taken to Donnell, but that plaintiff refused to agree thereto; that the arbitrators then separated without accomplishing anything and that the next day

(August 27) he (Self) notified Donnell that no agreement being arrived at he would have nothing further to do with the matter—that so far as he (Self) was concerned the arbitration was off.

On the other hand, Boone testified substantially, that he and Self on said August 26 agreed absolutely on the award—that the Lees were to have an advantage of two hundred bushels of the wheat on account of the damages done by Donnell, and that they so notified the respective parties; and that the purpose of getting up the written agreement for the signature of the parties was to make it "safe," etc. In other words, according to Boone's testimony, the award was made absolute and unconditional on August 26 and so reported to Donnell and Lee, but according to Self it was only a *conditional* award. If, then, Boone's version was correct there was on this parol submission a parol award, and this award, too, was made prior in point of time to the alleged revocation or abandonment of the submission. The trial court gave credence to Boone's testimony and this finding is conclusive on us. Under a common law arbitration an award may be made orally, unless otherwise stipulated in the submission, and when made it has the same binding force as if evidenced by a writing. Morse on Arbitration and Award, p. 256; *Jones v. Dewey*, 17 N. H. 596; *McManus v. McCulloch*, 6 Watts, 357; *Valentine v. Valentine*, 2 Barb. Ch. 430; *Oates v. Bromhill*, 6 Mod. (Eng.) 176. Nor will this parol award be vitiated by a subsequent ineffectual attempt to reduce the same to writing. *Jones v. Dewey*, *supra*; Morse on Arbitration and Award, bottom of page 256.

If, then, the arbitrators, Boone and Self, did on August 26, fairly investigate the matters in controversy and did agree unconditionally on terms of settlement which they then made known to the parties by verbal communications, then such parol award became bind-

ing, and this, too, whether satisfactory or not to the parties to such submission.

IV. The court properly refused plaintiff's instruction number 5, declaring that there was no evidence tending to prove authority in the arbitrators to award wheat instead of money in payment of the defendant's damages. There was abundant evidence to establish such authority. Indeed, from a consideration of the testimony it is manifest that the parties intended their differences should be settled in wheat and nothing else.

After a thorough review of all the evidence and points made in brief we discover no error of law, and the judgment will be affirmed. All concur.