NORTON v. HAYDEN.

Sale—Agreement to Arbitrate—Right of Action.
    Where one member of a partnership transfers his interest in the firm assets to his copartner under an agreement that the amount to be paid therefor shall be determined by arbitrators, the making and delivery of an award in the manner provided for is a condition precedent to the right to maintain an action for the purchase price; and this, even though the arbitration has failed by reason of the inability of the arbitrators to agree.

Error to Jackson; Peck, J. Submitted April 29, 1896. Decided June 30, 1896.

*Assumpsit* by Ernest V. Norton against Henry Hayden to recover the purchase price of goods sold. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

The declaration in this case contains two special and the common counts. The first special count alleges that the defendant purchased and received from the plaintiff divers goods, wares, merchandise, chattels, and property, described in a bill of sale, said property being situated in the hotels known as the "Hibbard House" and the "Hurd House," in the city of Jackson, and used in carrying on the hotel business in said houses; and also the right, title, and interest of said plaintiff in and to the

partnership property, and in and to the leases and agreements under which said property was held by said partnership; also all the book accounts and outstanding credits belonging to the firm,—subject to certain incumbrances existing thereon; and that defendant promised and agreed to pay as purchase price for such property all the obligations of said firm theretofore existing, of every description, and to pay to said plaintiff for such sale one-half of the excess of the value of the assets of said copartnership over its liabilities, deducting therefrom any sums which said plaintiff had drawn from the partnership business in excess of the money drawn by defendant. The second count is similar to the first, but alleges a promise to pay whatever such property was reasonably worth. After the attorney for the plaintiff had made his opening statement of his cause of action, the court directed a verdict for the defendant.

On October 1, 1892, plaintiff and defendant entered into written articles of copartnership, the business to be the carrying on of these hotels. The partnership was to run 10 years, and at the end of that time, or if sooner terminated, each was to render to the other a full, true, just, and perfect account of all things pertaining to the business, and adjust the same. The business did not prove profitable, and at the end of a year they entered into an agreement reciting that they desired to effect an amicable dissolution of the copartnership, and agreeing to submit all matters connected with their said copartnership affairs and business to two arbitrators named therein, who should ascertain and determine the amount and value of the assets and liabilities of said firm, the amount which each had drawn, the excess of assets over liabilities or liabilities over assets, and determine whether said defendant should pay to said plaintiff any sum of money, and, if so, the amount thereof, and, in case they were unable to agree, they should choose a third arbitrator, and the award of any two of said arbitrators should be binding. It was further recited in said articles of arbitration that

said award should by each be faithfully kept and performed, and that plaintiff, upon the making and delivery of said award, should transfer, assign, and convey to said defendant all his interest in said business and assets upon such terms as said arbitrators should determine and adjudge between them.   This award was to be made on or before October 17, 1893.

While these arbitration proceedings were pending, and on October 18, 1893, plaintiff executed to defendant a bill of sale of the property above mentioned, and upon the terms above mentioned.   This bill of sale contained the following clause:

" It is understood and agreed between the parties hereto, and this bill of sale is executed, delivered, and accepted with the understanding, that the same shall in no wise affect or prejudice the rights of either of the parties hereto under a certain agreement and submission for arbitration heretofore, to wit, on the 7th day of October instant, made and entered into between them, but that this bill of sale and transfer is made for the purpose of carrying out said agreement and submission for arbitration."

The arbitrators met, and each party presented his proofs before them.   They failed to agree.   They then selected a third arbitrator, but no two of them could agree.   Meanwhile, by stipulation, the time for the arbitration was extended by mutual consent to December 10th, at which time no two of the arbitrators were able to agree, and the attempted arbitration proved abortive.

*Barkworth & Blair,* for appellant.

*Wilson & Cobb,* for appellee.


Grant, J. *(after stating the facts).*   Two questions are involved:  (1) Had the court of law jurisdiction?  (2) Was the making and delivery of an award a condition precedent to the right of action?   The two questions are so intimately connected that they will be discussed together.

In his opening statement to the court and jury, after stating the facts, the attorney for the plaintiff thus stated his claim:

"This action is brought in *assumpsit*, based upon the agreement of October 18, 1893, and the actual transfer by bill of sale at that time of the property to Mr. Hayden, and to carry out the terms of that agreement, and recover the purchase price mentioned in the bill of sale and the previous articles providing for the arbitration."

In their brief counsel for plaintiff thus state their claim:

"We contend that a fair construction of the contract warrants the interpretation that defendant purchased from plaintiff his interest in the business on the terms of the recital, and submitted the ascertaining of the value of the assets and liabilities to arbitrators, and that this submission, being at the common law, was revocable thereafter by either party, and enforceable only by action."

We are unable to agree with this contention. We must construe the contract as the parties have made it. The arbitration agreed upon was just as much a part of the contract as was the agreement on the part of one to sell and of the other to buy. Mr. Hayden did not agree to buy Mr. Norton's interest, and to pay what a jury or court might find that he ought to pay, or what his interest might be worth. He agreed to take the property, and assume all the liabilities of the firm, upon condition that certain arbitrators, agreed upon, should determine what, if anything, he should pay Mr. Norton. It is too obvious to require further comment that Mr. Norton could not, at his will, revoke the arbitration, and hold Mr. Hayden liable upon the remainder of the contract. No case cited sustains any such doctrine. A revocation of the arbitration portion of the contract by either party would have been a revocation on his part of the entire contract. No action at law could be maintained by either of these partners against the other until an award had been made, or until one of them had repudiated the contract, or the

provision to arbitrate had been waived. *Delaware & H. Canal Co.* v. *Pennsylvania Coal Co.,* 50 N. Y. 250; *Campbell* v. *Insurance Co.*, 1 MacArthur, 246 (29 Am. Rep. 591); *Ball* v. *Doud*, 26 Or. 14; *Scott* v. *Avery*, 36 Eng. Law & Eq. 1, 18; *Chippewa Lumber Co.* v. *Phenix Ins. Co.*, 80 Mich. 116; *Boots* v. *Seinberg*, 100 Mich. 134; *Guthat* v. *Gow*, 95 Mich. 527. In *Scott* v. *Avery*, the court say:

"If I covenant with A. not to do a particular act, and it is agreed between us that any question which might arise should be decided by an arbitrator without bringing an action, then a plea to that effect would be no bar to an action; but if we agreed that J. S. was to award the amount of damages to be recoverable at law, then, if such arbitration did not take place, no action could be brought."

No revocation is, however, involved in the case. Neither party is responsible for the failure of the arbitration. Both parties acted in good faith in their attempt to secure an award. The failure of the arbitrators to agree was probably not contemplated, and the parties in their contract made no provision for such a contingency. The effect, therefore, was to place them *in statu quo*, and to leave them in the same position as they were before the contract was made. Both parties appear to have treated their action as a dissolution of the partnership. It is elementary that in such cases the sole and appropriate remedy is by a bill in equity for an accounting.

The judgment is affirmed.

MONTGOMERY, HOOKER, and MOORE JJ., concurred. LONG, C. J., did not sit.