WEGGNER v. GREENSTINE.

1. BUILDING CONTRACTS—ARBITRATION CLAUSE—VALIDITY.

A building contract provided that the contractor, under the direction and to the satisfaction of the architect, "acting, for the purposes of the contract, as agent of the owner," should provide all materials, etc.; that, if alterations were made in the plans, the value of the work added or omitted should be computed by the architect, and the amount so ascertained added to or deducted from the contract price; that, in case of dissent from such award by either party, the valuation of such work should be referred to three disinterested arbitrators, whose decision should be final. *Held*, that the arbitration clause was valid, and binding upon the parties.

2. SAME — ARCHITECT AS AGENT OF OWNER — APPEAL FROM HIS DECISION.

A dispute arose between the parties to such contract as to the damage caused by a failure to construct the cellar according to the specifications. The architect professed to be satisfied, and issued his final certificate as to the amount due. The owner demanded a reference to arbitrators, and named one who should act in his behalf. The contractor, contending that the architect was the agent of the owner under the terms of the contract, and that his decision was final, refused to appoint an arbitrator, and brought suit for the amount certified by the architect. *Held*, that the action was premature, and could not be maintained.

3. SAME—PREMATURE SUIT—ITEMS AGREED UPON.

It was not error for the court, in dismissing the suit as premature, to refuse to treat separately a claim for extras for work done under the terms of the contract, upon the value of which the parties were agreed.

Error to Wayne; Frazer, J.    Submitted June 18, 1897.
Decided September 14, 1897.

*Assumpsit* by Joseph Weggner against Jacob Green-
stine to recover a balance due upon a building contract.
From a judgment for defendant on verdict directed by
the court, plaintiff brings error.    Affirmed.

*Flowers, May & Moloney*, for appellant.

*Henry B. Graves*, for appellee.

MOORE, J.    January 30, 1896, plaintiff agreed in writ-
ing with defendant to construct for him three buildings,
at an agreed price of $5,325.    Differences arose between
the parties, and this suit is brought to recover a balance
due the plaintiff, which he claims amounts to $704, which
includes $88 for extras.

The trial judge took the case from the jury on two
grounds:

*First.* That the contract requires the plaintiff to submit
his claim to arbitrators before he can bring suit, and he
had failed to do so.

*Second.* That, under the provisions of section 4, Act
No. 179, Pub. Acts 1891, the plaintiff was bound to fur-
nish the defendant a statement under oath of the number
and names of every subcontractor and laborer in his em-
ploy, and of every person furnishing material, before he
could bring this suit, and that, as he had not done so, his
action is prematurely brought.

Plaintiff appeals.

The contract has these provisions:

"The contractor, under the direction and to the satis-
faction of Harry J. Rill, architect, acting, for the purposes
of this contract, as agent of the said owner, shall and will
provide all the materials," etc.    "No alterations shall be
made in the work shown or described by the drawings
and specifications, except upon a written order of the
architect; and, when so made, the value of the work
added or omitted shall be computed by the architect, and
the amount so ascertained shall be added to or deducted

from the contract price. In the case of dissent from such award by either party hereto, the valuation of the work added or omitted shall be referred to three disinterested arbitrators, one to be appointed by each of the parties to this contract, and the third by the two thus chosen, the decision of any two of whom shall be final and binding; and each of the parties hereto shall pay one-half of the expenses of such reference."

Article 5 provides that in case of a failure on the part of the contractor to do the work, upon notice from the architect, the owner may go on and complete the buildings, and that,—

"If the unpaid balance  *  *  *  shall exceed the cost of completing the buildings, such excess shall be paid by the owner to the contractor; but if such expense shall exceed such unpaid balance, the contractor shall pay the difference. The expense incurred by the owner, as herein provided, either for furnishing materials or for finishing the work, and any damage incurred through such default, shall be audited and certified by the architect, whose certificate thereof shall be conclusive upon the parties."

The contract provided for the payments, and provided:

"The contractor is to show evidence before each payment is made-that there is no claim for material or labor against said buildings. The final payment shall be made within five days after this contract is fulfilled. All payments shall be made upon written certificates of the architect to the effect that such payments, and the amount of such payments, have become due. If at any time there shall be evidence of any lien or claim for which, if established, the owner or the said premises might become liable, and which is chargeable to the contractor, the owner shall have the right to retain out of any payment then due, or thereafter to become due, an amount sufficient to completely indemnify him against such lien or claim. Should there prove to be any such claim after all payments are made, the contractor shall refund to the owner all moneys that the latter may be compelled to pay in discharging any lien on said premises made obligatory in consequence of the contractor's default. It is further mutually agreed between the parties hereto that no certificate given or payment made under this contract, except

the final certificate or the final payment, shall be conclusive evidence of. the performance of this contract, either wholly or in part, and that no payment shall be construed to be an acceptance of defective work or improper materials."

The contract provided that the cellar should be six feet six inches high. It was built from three to five inches less than that height. It is claimed by the plaintiff that the reason it was not built as the contract provided was that the sewer was not low enough to allow the cellar to be built as provided in the contract, and that he was instructed by the defendant, after the defendant had been advised of the facts, to do the best he could. This claim of his is denied by the defendant, who claims the sewer was low enough to allow the cellar to be constructed as planned, and that, as soon as he knew it was not so constructed, he notified the plaintiff that he should not accept the building.

It was admitted on the trial by the plaintiff that more than $500 was due and unpaid to subcontractors and material men for work done and material furnished. The amount was claimed to be somewhat larger by the defendant. It was admitted that some changes were made in the stairway and partition walls, for which plaintiff should be paid $88 in addition to the contract price. The architect testified that the work was done to his. satisfaction, and that he issued his final certificate of the amount due. It is the claim of the plaintiff that the architect was acting, for the purposes of this contract, as the agent of the owner, and that, when the architect was satisfied, the contract was completed; that his conclusion would be conclusive upon Mr. Greenstine; citing *Hanley* v. *Walker*, 79 Mich. 607; *Guthat* v. *Gow*, 95 Mich. 527; *Boots* v. *Steinberg*, 100 Mich. 134; and other cases.

The circuit judge held, and so instructed the jury, that, by the terms of the contract, changes might be made, but, when made, that the amount caused by the change should be added to or deducted from the contract price, and that this amount must be first determined by the architect, and

that, if either party was not satisfied with the amount found by the architect, the amount should be submitted to arbitrators.    When the contract is read as an entirety, we think it difficult to reach any other conclusion than the one reached by the learned judge.

It is claimed by the counsel for the plaintiff that the provision for arbitration is a general one, not specifically designating the terms of the arbitration, or to whom the differences shall be submitted, and is therefore revocable by either of the parties; citing *Home Fire Ins. Co.* v. *Kennedy*, 47 Neb. 138; *Donnell* v. *Lee*, 58 Mo. App. 288; and *Rison* v. *Moon*, 91 Va. 384.    The record discloses that, when the parties were unable to agree about the damages caused by the failure to construct the cellar according to the contract, the defendant proposed to arbitrate the matter, and named an arbitrator.    The plaintiff failed to do so.    The authorities cited by counsel undoubtedly hold as they contend, in relation to the effect of an agreement to arbitrate all differences between parties; but they hardly meet the situation shown by this record. The agreement, as shown by the record, is that, when alterations are made,—

" The value of the work added or omitted shall be computed by the architect, and the amount so ascertained shall be added to or deducted from the contract price. In the case of dissent from such award by either party hereto, the valuation of the work added or omitted shall be referred to three disinterested arbitrators, one to be appointed by each of the parties to this contract, and the third by the two thus chosen, the decision of any two of whom shall be final and binding."

In *Chippewa Lumber Co.* v. *Phenix Ins. Co.*, 80 Mich. 120, it was said: "An agreement to submit all matters in controversy between parties to arbitration, and thus oust courts of their jurisdiction, is void, and may be repudiated by either party at any time before award is made;" but the court held that an agreement to arbitrate the question of unliquidated damages involved in the contract which was the subject of controversy was reasonable and legal.

In *Guthat* v. *Gow*, 95 Mich. 527, it was held that a plaintiff could not recover for a balance due upon a building contract, which contract contained a provision that the owner might at any time make any additions or alterations he deemed proper, the fair value of the same to be added to or deducted from the sum to be paid by the owner, "and, should any dispute arise respecting the fair value of the same, such value shall be determined by the architect, and his decision shall be final and binding upon the parties hereto," when the work was not done to the satisfaction of the architect, and testified by his certificate; citing *Hanley* v. *Walker*, 79 Mich. 607.

In the case of *Boots* v. *Steinberg*, 100 Mich. 134, the contract provided that the price for extras should be settled by arbitrators, unless the parties could agree upon their value. The value of the extras was not submitted to arbitrators before the suit was begun, and the court held:

"The extras claimed cannot be called due, for they were to be submitted to arbitration, and no step has been taken to that end. The parties have seen fit to make their contract, and it is not for us to make one for them. They have provided their own forum to determine the value of extras, and it is not for us to deprive either of the right to such forum."

See, also, *Norton* v. *Hayden*, 109 Mich. 682; *Ball* v. *Doud*, 26 Or. 14; *Scammon* v. *Denio*, 72 Cal. 393.

Plaintiff claims the court erred in refusing to submit to the jury the claim of $88 for extras. It is true the value of these extras was agreed upon by the parties, but they were for work done under the terms of the contract, and they cannot be treated as separate and apart from the contract.

We do not think the court erred in his disposition of the questions we have discussed. It is not necessary to discuss the questions raised in relation to the lien law, and we pass them without discussion.

Judgment is affirmed.

The other Justices concurred.