# JUNE TERM, 1912.*

## SCHEIBLE v. KLENK.

CONTRACTS—BUILDING CONTRACTS—MODIFICATIONS.

An allowance of a considerable sum for defective plastering and for delay claimed by the owner of premises that were undergoing repairs and alterations under a written contract, was properly denied by the trial court, upon evidence showing that the owner was dissatisfied with the plastering done, and made a new and distinct contract with the plasterer; also on a showing that the alleged delays were caused by the owner and his architect, and the contractor was not responsible for them.

Appeal from Wayne; Donovan, J. Submitted June 8, 1911. (Docket No. 23.) Decided July 10, 1912. Rehearing denied December 18, 1912.

Bill by Leo Scheible against William C. Klenk and others for the foreclosure of a mechanics' lien. From a decree enforcing the lien, defendant owners appeal. Affirmed.

*Lucking, Emmons & Helfman* and *Harry L. Schellenberg*, for complainant.

*May & Dingeman* and *Daniel P. Cassidy*, for defendants.

MOORE, C. J. Complainant's bill is filed by the general contractor, Leo Scheible, and a cross-bill is filed by the subcontractors, Will & Goeltz, to foreclose liens on property of William C. Klenk, known as the Lighthouse Inn. Mr. Scheible's contract is dated June 29, 1907, and called for the construction by him of practically all of the

---

building except the cement foundation and the brick chimneys. It is claimed by complainant that subsequently the plastering and steam fitting were awarded by the owner to other contractors. The plans and specifications were prepared by an architect, and the contract was in writing. The contract price was $11,200.

It is claimed by complainant that many changes were made on the verbal order of the architect, and that the extra cost of these extras was agreed upon at the time. These extras amounted to $1,549. In this case defendant claims there was defective construction, and asks damages because of it, and for delay in the completion of the contract, and also that an architect's certificate is lacking. The trial judge handed down an opinion in which he reviewed these claims in detail, he allowed some reductions, and found against the defendant as to the others, and granted a decree awarding Mr. Scheible $3,540.88 and Will & Goeltz $585.90. From that decree an appeal was taken to this court by defendant, and the case was argued at length and submitted. Later, leave was granted to remand the case for the taking of further testimony. This was done, and the case was again passed upon by the trial judge. He expressed himself as confirmed in his former decree and affirmed it. The case has again been ably argued by counsel in this court.

The questions involved are not complicated. We quote from the brief of the appellant:

"The parties to this contract in due form determined in that instrument how their rights should be settled, not in a manner which would depend on conversations which might be imperfectly heard or incorrectly understood or the purport of which might be unintentionally colored, or the real meaning purposely distorted, but by written instrument capable of the closest and most exacting scrutiny, and determination by the court in the event of controversy. As was said in a case of which we will directly call the court's attention at length, this court said:

"'While the contractor may rely upon what was actually approved under the contract, he is supposed to understand the specifi-

cations and how the work should be performed as well as the super-intendent, and as well as, if not better than, the owner; and he cannot be permitted to invoke the doctrine of estoppel where some of its elements are lacking, making it " a sword, and not a shield." ' [*Boots* v. *Steinberg*] 100 Mich. 137 [58 N. W. 657].

" Should then a court be overready to depart from the carefully prepared contract, and drift into the uncertainties of claimed modification ?    *    *    *

" In the case of *Weggner* v. *Greenstine*, 114 Mich. 310 [72 N. W. 170], this court refused to put aside the arbitration clause of the contract which was similar in character to the clause in the contract in this case, although the contractor claimed a waiver of the arbitration clause by reason of the owners going out and paying subcontractors, and in the face of the fact that the architect testified that the work had been done to his satisfaction, and had actually given his final certificate to the contractor.    In the case at bar there is infinitely more reason why this principle of law should be adhered to than in the *Weggner* v. *Greenstine Case.*    No waiver was claimed here of the provision in the contract that payments should be made only on the certificate of the architect."

We think the contention of counsel is fairly answered by what actually occurred.    The architect furnished the following statement:

" Sept. 29th, 1908.

"*Mr. Wm. C. Klenk:*
" I herewith make the following report of your account with J. L. Scheible & Co., for work and material on club house at Lighthouse Inn.

| | | |
|---|---:|---:|
| " ' General contract for building | $11,200 | 00 |
| Allowed extras as checked on bill of July 13 | 851 | 47 |
| | $12,051 | 47 |
| Cash as per certificates | 6,700 | 00 |
| | $5,351 | 47 |
| April 6, certificate paid by note | 2,000 | 00 |
| | $3,351 | 47 |
| Aug. 22, bill for beam ceiling in barroom | 258 | 00 |
| | $3,609 47 | $3,609 47 ' |

"The following are the further credits due you for inferior work, omission from that called for in plans and specifications, together with $10.00 for overrun of time limit as per contract:

" '6 in. clapboarding used instead of 5

| | | |
|---|---:|---:|
| in. as specified | $138 80 | |
| 1 plumbing stack omitted | 20 00 | |
| Dumb waiter | 75 00 | |
| 2 flights outside cellar stairs | 10 00 | |
| Counter door between hall and bar-room | 5 00 | |
| Gas, 6 lights, first and second story veranda | 9 00 | |
| Gas piping under size and without proper drip | 75 00 | |
| Credit due for defective plastering | 732 00 | |
| Time forfeit, Oct. 30, '07, to Jan. 1, '08, 62 days | 620 00 | |
| Time forfeit, 12-31 to 5-1-08, 121 days | 1,210 00 | |
| | $2,894 80 | |
| | 2,894 80 | $2,894 80 |
| Amount due to J. L. Scheible & Co. | | $714 67 ' " |

It will be seen that by this statement of the architect a balance was shown due to Mr. Scheible of $3,609.47, less deductions for inferior work and for overrun of time in which to complete the work charged at the rate of $10 a day. The architect after making these deductions found a balance due the contractor of $714.67. Included in these deductions made by the architect were the items of $732 for defective plastering, and $1,830 for overrun of time.

The trial judge found that neither of these allowances should be made, for the reason that, as to the plastering, Mr. Klenk was not content to have the plastering done according to the contract, but insisted upon making an entirely different contract with the plasterer after the lathing was done.

The trial judge also found that the delays in the completion of the contract were caused by the owner and the architect, and that the complainant was not responsible

for them.   It would profit no one to go into detail about
the facts disclosed by a printed record of more than 600
pages.   We are satisfied from a careful reading of the
record, aided by the arguments of counsel, that the find-
ings of the trial judge are abundantly sustained by the
weight of the evidence.

With these two items eliminated, the decree of the trial
judge is approximately the same as the balance shown by
the architect's statement.   We are satisfied that the de-
cree is just, and it is affirmed, with costs of both courts.

STEERE, McALVAY, BROOKE, STONE, OSTRANDER, and
BIRD, JJ., concurred.   BLAIR, J., did not sit