### EVANS v. WOODLEY.

MECHANICS' LIENS—CONTRACTS—PERFORMANCE—BREACH.

> Complainant was not entitled to a mechanic's lien under a contract providing that defendant should pay a stipulated sum when the work should be performed and accepted, upon a showing that he abandoned the work before he completed the contract, that to complete it would cost $110, and that the actual cost of completion was $250, and that defendant never accepted complainant's work.

Appeal from Wayne; Donovan, J. Submitted October 10, 1912. (Docket No. 19.) Decided November 8, 1912.

Bill by John Evans against Jennie N. Woodley for the enforcement of a mechanic's lien. From a decree for complainant, defendant appeals. Reversed.

*Ralph M. Tate*, for complainant.

*Frank D. Andrus*, for defendant.

BROOKE, J. The bill of complaint in this case is filed to enforce a mechanic's lien. The contract between the parties contained the following clause:

"The party of the first part, for and in consideration of the fulfillment by the said party of the second part of the covenants and agreements of the said party of the second part herein contained, does hereby covenant and agree to pay or cause to be paid to said party of the second part the sum of $495, when the work is completed and accepted by the said party of the first part."

Complainant introduced evidence tending to show that he had never fully completed his contract, and that defendant had not accepted the work. He further offered the evidence of two contractors, who examined the job after he abandoned it. They testified that to complete the job according to the contract would cost $110. Under these proofs defendant moved the court for a decree dismissing the bill. This having been denied, defendant offered evidence tending to show that to complete the contract she had been obliged to pay the sum of $250.

We are of opinion that the bill should have been dismissed. Here is an indivisible contract, by the terms of which nothing is due the contractor until the work is completed and accepted by the owner. By his own testimony complainant shows failure to complete on his part and failure to accept on the part of defendant. Under such a state of facts, the refusal to accept being reasonable, a bill will not lie to enforce a mechanic's lien for a balance claimed to be due. *Boots* v. *Steinberg*, 100 Mich. 134 (58 N. W. 657).

The bill of complaint is dismissed, with costs of both courts.

MOORE, C. J., and STEERE, MCALVAY, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.