GOODSPEED *v.* WAYNE CIRCUIT JUDGE.

1. PARTNERSHIP—LIMITED PARTNERSHIP—CORPORATIONS—STATUTES.
    Partnership associations, limited, are governed by the principles applicable to corporations.

2. SAME — LIMITED PARTNERSHIP — CONSTITUTIONAL LAW — DUE PROCESS OF LAW—STATUTES.
    Under 2 Comp. Laws 1915, § 7953, providing that no transferee of any interest in a limited partnership association shall be entitled thereafter to any participation in the subsequent business of the association, unless he or she be elected thereto, and any change of ownership, whether by sale or otherwise, which shall not be followed by election to the association, shall entitle the owner only to his interest in the association at a price and upon terms to be mutually agreed upon, and "in default of such agreement the price and terms shall be fixed by an appraiser appointed by the circuit court of the county where such association has its principal office, subject to the approval of such court," no question of due process of law or constitutionality of the act is involved, in a proceeding to have an appraiser appointed to appraise stock, although such act does not provide the machinery or mode of procedure, as the details of procedure may be left to a court without invalidating the statute.

3. SAME—LIMITED PARTNERSHIP—STATUTES.
    A limited partnership association which accepts the provisions of a statute in its incorporation is bound by the provisions of such statute.

4. SAME.
    A charter of a private corporation is a contract between the government and the corporators.

5. SAME—LIMITED PARTNERSHIP—APPRAISERS OF STOCK — EQUITY —JURISDICTION.
    Under 2 Comp. Laws 1915, § 7953, relating to the appointment of an appraiser to fix the price of stock and interest in a limited partnership association acquired by a transferee who is not elected to the association after such

199—Mich.—18.

transfer, a circuit court has jurisdiction to act where notice is given by the service of a copy of the petition for the appointment of an appraiser with notice of hearing on the association, and it is represented at the hearing when the appointment of an appraiser is determined.

6. SAME.

Under a by-law of a limited partnership association, providing that any person who is an employee or officer of the association and shall become the owner of one or more shares of stock, shall become a member thereof, provided that in case of a transfer, such person shall become a member only when he shall be duly elected and shall become an employee or officer, and when such transfer shall have been made on the books of the association, and when any stockholder shall cease to be an officer or employee, his stock shall automatically revert to the association, to be paid for at the true cash value thereof, and he shall thereupon cease to be a member thereof, proceedings for the appointment of an appraiser under 2 Comp. Laws 1915, § 7953, may be maintained by a transferee of stock where the transferor, who has ceased to be an officer or employee of the company has not received payment of the true cash value of his stock.

ON MOTION FOR REHEARING.

7. SAME.

The act of appointment of an appraiser of stock of a partnership association, limited, may be lawfully performed by the circuit court in the manner pointed out by statute.

Mandamus by Estelle Morris Goodspeed to compel P. J. M. Hally, circuit judge of Wayne county, to vacate an order setting aside an order appointing an appraiser. Submitted September 20, 1917. (Calendar No. 27,777.) Writ granted December 27, 1917. Rehearing denied March 28, 1918.

*Charles H. Hatch,* for plaintiff.

*Henderson & Henderson,* for defendant.

STONE, J. This is an application by the plaintiff for a mandamus to require the defendant, one of the

circuit judges of the county of Wayne, to set aside an order, made by him in said court, setting aside an order of that court previously made by him appointing Harry C. Moulthrop 'appraiser to appraise the value of the plaintiff's interest in certain shares of the capital stock of the Goodspeed-Detroit Manufacturing Company, Limited, and dismissing the plaintiff's petition for the appointment of such appraiser.

It appears that on April 21, 1916, the plaintiff filed her petition in the circuit court for the county of Wayne for the appointment of an appraiser. By this petition it appeared that the Goodspeed-Detroit Manufacturing Company, Limited, hereinafter called the association, was organized in 1913 under Act No. 191, Pub. Acts 1877, as amended (2 Comp. Laws 1915, § 7950 *et seq.*) ; that the association was so organized that transfers of its capital stock were controlled by section 4 of the act (2 Comp. Laws 1915, § 7953), which provides in substance that:

"No transferee of any interest (in such association) * * * shall be entitled thereafter to any participation in the subsequent business of said association, unless he or she be elected thereto * * * and any change of ownership, whether by sale * * * or otherwise, which shall not be followed by election to the association, shall entitle the owner only to his interest in the association at a price and upon terms to be mutually agreed upon, and in default of such agreement the price and terms shall be fixed by an appraiser appointed by the circuit court of the county where such association has its principal office, subject to the approval of said court."

Said petition further showed that on and prior to April 10, 1916, Charles A. Goodspeed was a member of said association, owning 200 shares (par value $2,-000) of its capital stock; that on that day he transferred such shares to the plaintiff; that such transfer had not been followed by plaintiff's election to mem-

bership in the association; that she had endeavored, but failed, to agree with the association as to what she should be paid for her interest, and prayed for the appointment of an appraiser. A copy of the petition with notice of hearing was duly served on the association, and the petition came on for hearing before Judge Van Zile on April 29, 1916. On that hearing, counsel appeared specially for the association and filed a motion to dismiss the petition and set aside the service of notice for the following reasons:

"(1) Because said court has no jurisdiction in the premises.

"(2) Because no valid or lawful service of any process or other notice required or permitted by law in this matter has been made upon the said Goodspeed-Detroit Manufacturing Company, Limited.

"(3) Because the property rights of the Goodspeed-Detroit Manufacturing Company, Limited, are attacked, threatened, and involved in and by said petition, and said petition attempts to deprive said Goodspeed-Detroit Manufacturing Company, Limited, of its property without due process of law, in violation of the Fourteenth Amendment of the Constitution of the United States of America, and in violation of the provisions of the Constitution of the State of Michigan.

"(4) Because the procedure attempted in the above-entitled matter is in derogation of the right of the Goodspeed-Detroit Manufacturing Company, Limited, to a trial by a jury of the claims sought to be adjudicated in said matter, as guaranteed to it by section 13, article 2, of the Constitution of the State of Michigan."

Counsel for both sides were heard by the court, and on June 23, 1916, Judge Van Zile filed a written opinion holding that the court would appoint an appraiser as prayed for in said petition. After several attempts to procure the entry of an order appointing the appraiser, the defendant (because of the illness of Judge Van Zile) set the petition down for hearing *de novo,*

before himself, on September 13, 1916. The same counsel that had appeared specially before were notified, but no one appeared for the association, and on the same day the defendant made an order of court appointing Mr. Moulthrop appraiser.

On October 10, 1916, counsel for the association filed a motion, supported by affidavits, to set aside the order appointing the appraiser. The reasons given were, in substance, the same as those already stated, and the following additional reasons:

"Because at the time of the entry of said order, neither said court, nor Hon. Patrick J. M. Hally, circuit judge, had jurisdiction in said matter over the person of the said Goodspeed-Detroit Manufacturing Company, Limited, nor to make such order or to entertain said petition.

"Because said statute is void, because inoperative, in that among other things it fails to provide for notice to parties concerned; for a trial of the question whether the petitioner is or was the owner of stock in said Goodspeed-Detroit Manufacturing Company, Limited; for any record of the proceedings in the matter, or for a review thereof; for a method of procedure; for means by which effect may be given its provisions; for any inquiry as to the fitness of the person appointed appraiser to hold that position; for any notice to the opposite party of or for a hearing upon the question of the fitness of the person appointed appraiser; for means to compel the appraiser to act; and because said statute attempts to delegate judicial powers vested by the Constitution of the State of Michigan exclusively in the courts, and because said statute attempts to impose administrative duties upon the courts."

In the affidavit in support of said motion, the following by-law of said association is set forth:

"*Membership.* Any person who is an employee or officer of this company and shall become the owner of one or more shares of the capital stock, shall become a member thereof, provided that in the case of

a transfer, such person shall become a member only when he shall be duly elected as provided by law, and shall become an employee or officer of said association, and when such transfer shall have been made on the books thereof. When any stockholder shall cease to be an officer or employee of said association, his stock shall automatically revert to the association, to be paid for at the true cash value thereof, and he shall thereupon cease to be a member thereof."

Counsel for both parties were heard before the defendant in open court on October 25, 1916, and on November 20, 1916, defendant filed an opinion holding that the order should be set aside, and plaintiff's petition dismissed, and an order of court was made by him to that effect on January 17, 1917. It is to cause this last order to be set aside, and the order appointing the appraiser to stand as the order of the court, that this application is made.

It appears to have been the opinion of the defendant that the statute under which the proceeding was based is ineffective and void, because it does not properly provide the machinery or mode of procedure; and attention is called to the cases of *Risser* v. *Hoyt*, 53 Mich. 185 (18 N. W. 611), and *Rothschild* v. *Burton*, 57 Mich. 540, 546 (25 N. W. 490). And upon the question of what constitutes due process of law, the case of *Hagar* v. *Reclamation District*, 111 U. S. 701 (4 Sup. Ct. 663), is referred to, and defendant concludes as follows:

"I think it very clearly appears that there is no possible way by which this piece of legislation can be justified under our Constitution; and in consequence, the order to vacate the order appointing the appraiser will be granted."

We are unable to agree with this conclusion, and we do not think that the cases cited are decisive of the questions here involved. In our opinion there is no attempt by the plaintiff here to deprive the said

association of any property. It is a proceeding in accordance with the very statute under which the association was organized to have the interest of the plaintiff in the stock valued by an appraiser to be appointed as provided by that statute. Partnership associations, limited, are governed by the principles applicable to corporations. *Rouse, Hazard & Co.* v. *Cycle Co.,* 111 Mich. 251 (69 N. W. 511, 38 L. R. A. 594) ; *Staver & Abbott Manfg. Co.* v. *Blake,* 111 Mich. 282, 287 (69 N. W. 508, 38 L. R. A. 598) ; *Union Trust Co.* v. *Detroit Common Council,* 170 Mich. 692 (137 N. W. 122).

This association had in its organization accepted the terms of this statute, and it is bound by such provisions. *Commissioner of Railroads* v. *Railway Co.,* 130 Mich. 248 (89 N. W. 967), affirmed in *Grand Rapids, etc., R. Co.* v. *Osborn,* 193 U. S. 17 (24 Sup. Ct. 310) ; *Interstate R. Co.* v. *Massachusetts,* 207 U. S. 79 (28 Sup. Ct. 26, 12 Am. & Eng. Ann. Cas. 555). In *Shumway* v. *Bennett,* 29 Mich. 451 (18 Am. Rep. 107), Justice CAMPBELL, speaking for this court, said:

"As no one can be compelled against his will to become a member of a private corporation, or subject to its control, the legislature can prescribe such conditions as they deem most desirable, as the terms on which private corporations may be formed, and can intrust any functions in relation to such incorporation to such persons as they may designate, unless there is some constitutional limitation on the authority which may be so vested. The acceptance of a charter being the voluntary act of the persons incorporated, they can never be legally aggrieved by it."

This court has held that the charter of a private corporation is a contract between the government and the corporators. *Michigan State Bank* v. *Hastings,* 1 Doug. 225, 234 (41 Am. Dec. 549) ; *Flint, etc., Plankroad Co.* v. *Woodhull,* 25 Mich. 99, 101 (12 Am. Rep. 233). In our opinion there is no constitutional question here involved. It is not proposed in this proceed-

ing to take or condemn any property of the association, or even enter any judgment or condemnation against the association. The proceeding is not appropriate to try conflicting rights of the parties, nor is it attempted here. The proceeding is not unlike the agreement between parties to submit specific matters or questions to arbitration. Such agreements have been sustained. *Weggner* v. *Greenstine*, 114 Mich. 310, 314 (72 N. W. 170).

The Michigan standard form of fire insurance policy provides for the appointment of appraisers to determine the amount of the loss. Such methods are resorted to by parties in deciding matters in controversy. The details of procedure may be left to a court without invalidating the statute. *Swan* v. *Williams*, 2 Mich. 427, 441.

The necessity of notice would be implied in a statute which provided for taking private property. *Strachan* v. *Brown*, 39 Mich. 168. But in our opinion sufficient and due notice was given the association in the first instance, and it was represented at the hearing when the appointment of an appraiser was determined, and the court had jurisdiction to act.

It is also urged that Mrs. Goodspeed is not a transferee of an interest in the association or stock because Mr. Goodspeed had ceased to be an officer or employee of the association. Without passing upon the validity of the by-law quoted, and giving it force according to its terms, it appears that Mr. Goodspeed, at the time he made the transfer to the plaintiff, had not lost title to his interest in the association nor his membership therein, for under the language of the by-law, he did not lose his interest nor his membership until he had not only ceased to be an officer or employee, but also had been paid the true cash value of his stock; and there is no claim that such payment has ever been made.

In our opinion, the order appointing the appraiser should stand, and the writ of mandamus should issue, with costs against the Goodspeed-Detroit Manufacturing Company, Limited, and it will be so ordered.

KUHN, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOOKE, and FELLOWS, JJ., concurred.

### ON MOTION FOR REHEARING.

PER CURIAM.   The principal reason, urged by the defendant herein, for a rehearing is that we did not decide the question:   "Was or was not the appointment of an appraiser, under the statute in controversy, a judicial act?"   Whether the action here invoked is judicial action, is not a controlling question.   It is similar to the action of the circuit court in allowing the claims of coroners in cases of inquest on the dead body of a stranger.   Section 15655, 3 Comp. Laws 1915.

It was held in *Re Toepel,* 139 Mich. 85, that such action called for the exercise of judicial discretion, and was so far judicial, that a person might be held guilty of a contempt of court, committed while the court was considering the matter.   But, without disturbing that ruling, in *People* v. *Hoffmann,* 142 Mich. 531, it was held that such allowance or approval was not a judgment; and this doctrine was reiterated, and the cases collected and cited in *Edwards* v. *Auditor General,* 161 Mich. 639.

We think that the act in question may lawfully be performed by the circuit court in the manner pointed out in the statute.

The motion for a rehearing is denied.