NORTON v. HAYDEN.

PARTNERSHIP—DISSOLUTION—ARBITRATION—FAILURE TO AGREE— ACCOUNTING.

Where, with a view to an amicable dissolution of a partnership, one partner gave the other a bill of sale of his interest in the firm property under an agreement that the amount to be paid therefor should be determined by arbitrators on a submission of all partnership matters, and the arbitration failed, not through the fault of either of the parties, but because the arbitrators could not agree, the partner executing such bill of sale could maintain a bill for an accounting.

Appeal from Jackson; Peck, J. Submitted January 9, 1902. Decided January 28, 1902.

Bill by Ernest V. Norton against Henry Hayden for a partnership accounting. From an order overruling a demurrer to the bill, defendant appeals. Affirmed.

*Thomas E. Barkworth* and *Charles A. Blair*, for complainant.

*Wilson & Cobb*, for defendant.

MONTGOMERY, J. The transaction between these parties is set forth in the statement of facts in a case between the same parties, reported in 109 Mich., at page 682 (67 N. W. 909). Since the decision of that case the complainant has filed a bill of complaint, setting up the transaction there described, and asking for an accounting with the defendant as to the partnership transactions. To this the defendant has demurred, assigning numerous grounds of demurrer, and from the order overruling the demurrer has appealed to this court.

Briefly stated, the facts are that complainant and defendant were partners in the hotel business. The business was not profitable. They desired to effect an amicable dissolution. They agreed to submit all matters connected with their partnership affairs to two arbitrators, who were authorized to name a third. In the meantime a bill of sale was made by complainant to defendant of his interest in the property, but it was agreed that this should in no wise affect or prejudice the rights of either party under the agreement for submission, and that the consideration to be paid by defendant for complainant's interest in the property should be fixed by the arbitration. The arbitrators met, but failed to agree. They selected a third arbitrator, but no two of them could agree, and the attempted arbitration proved abortive. On the hearing of the former case it was said by Mr. Justice GRANT:

"Neither party is responsible for the failure of the arbitration. Both parties acted in good faith in their attempt to secure an award. The failure of the arbitrators to agree was probably not contemplated, and the parties, in their contract, made no provision for such a contingency. The effect, therefore, was to place them *in statu quo*, and to leave them in the same position as they were before the contract was made. Both parties appear to have treated their action as a dissolution of the partnership. It

is elementary that in such cases the sole and appropriate remedy is by a bill in equity for an accounting."

This decision is decisive of complainant's right to an accounting, unless we are prepared to depart from our former holding. We see no good reason for doing so. In the action at law we held that, as the parties had agreed that the purchase price should be fixed in a certain way, there could be no recovery at law until the price was so fixed. It was said: "Mr. Hayden did not agree to buy Mr. Norton's interest, and to pay what a jury or court might find that he ought to pay, or what his interest might be worth." It would seem to follow either that the defendant acquired this property for nothing, or that the parties must be placed in the same position as before the contract was made. It cannot be contended that, where the scheme for determining the consideration failed through no fault of either party, the complainant is wholly without remedy, with any more plausibility than it could be claimed in such case that the consideration might be left to the determination of a court or a jury. The complainant is entitled to an accounting, and, if the defendant has had and used the property formerly belonging to the firm, he is chargeable with its reasonable value on such accounting.

The order overruling the demurrer will be affirmed, with costs of both courts, and the case remanded for further proceedings.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.