BARKER, APPELLANT, v. NICHOLS, APPELLEE.

FRAUD—PROOF.
An action for damages, as for deceit, is maintainable upon an executed contract. In order to prove such fraud as will sustain the action, it is only necessary to show that what the defendant asserted was false within his own knowledge, and occasioned damage to the plaintiff.

*Appeal from the County Court of Arapahoe County.*

Mr. JOHN T. BOTTOM, for appellant.

Messrs. HIPP & TESCH, for appellee.

REED, J., delivered the opinion of the court.

Appellee, in erecting a two-story, brick, business building in the city, employed appellant to put in the foundation according to the plans and specifications furnished by the architect for a gross sum of $600. When the work was completed, and bricklayers and carpenters were ready to put on the superstructure, they declined to do it unless at the risk of appellee, alleging that the foundation was not adequate to sustain the structure, particularly the front, the upper story of which was to be sustained by iron pillars, the feet of which were to rest upon stone piers which were put in by appellant. After examination, it is alleged that the piers were found faulty, and not complying with the contract; appellee had two taken out and rebuilt by other parties after appellant had refused to do it, at an expense of $24.00; the balance was used, but it was claimed that appellee was damaged in quite a large sum by failure of the appellant to build the balance of the wall according to contract, as the building settled and cracked by reason of such failure. There was also a claim of damages for loss of rent for the time the structure was delayed by reason of the improper work. The case was tried to the court without a jury; the work had been fully paid for before its defects were known; the suit was brought for damages; the court found for appellee, and assessed her damage at $100. That appellee had two piers removed and new ones built costing $24.00 is conceded. In regard to the character of the work, the evidence was contradictory, but as to the piers it is conclusive that they were not as required to be—two feet square, of proper material, and laid with proper mortar.

It is contended in argument that the appellee had no cause of action; that having negligently paid the money without examination of the work, she could not recover it. The objection does not appear to have been made in the lower court. We do not consider the position tenable. The action was not to recover back money paid, but for damages for breach

of contract. At common law it would be regarded as an action on the case, as for *deceit*, which was always maintainable upon an executed contract. Admitting the position of counsel, it is not sustained by the authorities cited. The doctrine only applies where the defects are patent and apparent; concealed defects took the case out of the rule. The foundation of the action is fraud and deceit in the defendant and damages to the plaintiff.

3 Term Rep. 57 :—" In order to prove such fraud as will sustain this action, it is only necessary to show that what the defendant asserted was false within his own knowledge, and occasioned damage to the plaintiff." *Polhill v. Walter*, 2 Barn. & Adol. 122; *Corbet v. Browne*, 8 Bing. 433; *Langridge v. Levy*, 2 M. & W. 519.

" The principle of law is that fraud accompanied by damage is in all cases a good cause of action." Kerr on Fraud & Mis. 325, and cases cited in notes.

Counsel appear to have been mistaken in the facts. They say :—" The appellee herself says, that she went and measured the wall and called Mr. Barker's attention to it, and there was a question then and there . . . . as to whether the contract was complied with, and after this dispute about the most vital and almost only question in the case of moment, the appellee pays the appellant in full." The testimony shows that on the completion of the work the father of appellee, in her absence, paid the balance of $130 at the urgent request of appellant; that the appellee had no knowledge of the defects, until afterwards when the contractors informed her, and declined to put on the superstructure until the defects were remedied; she then examined the work and had the interview with appellant, not, as supposed, before the payment of the money.

The question of law discussed above is the only one presented or involved, and does not appear to have been raised in the lower court, consequently, all the questions determined were questions of fact. The evidence of damage took a wide range between $24.00, the price of the piers, and $800.

The court was warranted in finding $100 damage; also, in finding that the work was fraudulently done, and not as contracted or contemplated.

Where there is sufficient evidence to warrant the finding of facts, the judgment will not be disturbed; it will consequently be affirmed.

*Affirmed.*