PHILIP C. JUSTUS v. WALTER F. MYERS and Others.[1]

June 9, 1897.

Nos. 10,531—(134).

**Mechanic's Lien—Evidence.**

> In an action to establish and foreclose a mechanic's lien it is *held* that the trial court erred when admitting in evidence a certain exhibit, which tended to alter, vary, and contradict the terms and conditions of the contract between the parties under which the materials were furnished and the labor performed.

**Same—Sufficiency.**

> *Held,* further, that certain findings of fact were not warranted by the evidence.

Appeal by defendants from a judgment entered for plaintiff in the district court for Ramsey county, after a trial before Egan, J. Reversed.

*T. S. Tompkins* and *Edmund S. Durment,* for appellants.
*Schoonmaker & Fleming,* for respondent.

COLLINS, J. Action to establish and foreclose a mechanic's lien on account of materials furnished and labor performed in the construction of a combination heating apparatus in a dwelling house belonging to defendant Mary F. Myers. The complaint alleged the furnishing of the material and the performance of the labor at the request of the owner, and the reasonable value thereof, and a promise to pay the amount stated to be such reasonable value. The answer made by the owner alleged that the material was furnished and the labor performed under and by virtue of a contract whereby plaintiff, in writing, proposed to defendant owner and offered to construct the heating apparatus for a certain specified sum of money, which proposition the latter verbally accepted. A copy of the written proposal was made a part of the answer, and, in so far as the capacity of the apparatus was concerned, it was plain and unambiguous. It contained the following language:

"Heating plant to be guaranteed to heat rooms to seventy-five de-

[1] Reported in 71 N. W. 667 .

grees in the coldest winter weather. Heating plant to be tested by owner before accepted. If same is not entirely satisfactory, it is to be made so by additional radiation, or anything else necessary, without additional expense to owner."

The answer also alleged a breach of this contract, in that the apparatus was not of sufficient capacity to, and did not, heat the house according to the contract, was not satisfactory to the owner, had not been accepted by her, but, on the contrary, she had specially notified the plaintiff that she would not accept it. The answer further alleged other breaches of the contract, which need not be particularized at this time.

1. It was error for the court below to admit plaintiff's exhibit numbered two in evidence. The plaintiff had already introduced the written proposal set out in the answer as the contract under which he had acted. It was full and complete, and, as before stated, the language was plain and unambiguous in respect to the warranty, as well as the stipulation that the apparatus should be tested and made satisfactory to the owner before full contract price should be collectible. Payment was conditioned upon the rooms being heated to a certain temperature, and upon the fulfillment of other terms contained in the written proposal. The exhibit was a diagram or plan of the first and second floors of the house, with certain designs thereon, intended to represent hot-air registers in the rooms, and certain figures indicating the number of feet of hot-water radiation each room not fully heated with air should have. It was made by plaintiff's salesman, evidently for his guidance, when estimating the cost of the plant, and making the written proposal, which, when accepted, became the contract between the parties. It was not referred to in the proposal, and was no part of the contract. By putting in the registers as indicated on the diagram or plan and the number of feet of hot-water radiation specified, plaintiff might or might not fulfill the warranty made a part of his proposal. It is obvious that he could not avoid this warranty by introducing evidence tending to alter, vary, or contradict its plain terms, or tending to show that he had put in the registers and the radiation as indicated on this exhibit.

2. The plaintiff could not recover without showing a substantial performance of the contract. He made no attempt to do this, but seems

to have relied on proof that he had put in the registers and radiators in accordance with the designs and figures on Exhibit 2. Nor did the court find facts upon which could be based a conclusion that the terms and conditions of the contract, in respect to the warranty or in several other particulars, had been complied with. It simply found the allegations of the complaint to be true, and so much of these findings as related to the furnishing of the materials and performance of the labor for the reasonable value thereof were not, as against defendant owner, warranted by the evidence. And the same must be said if the findings are to be treated as finding, in effect, that the plaintiff had performed his part of the contract. The evidence received on the part of the defendants was overwhelming, not only that the plant did not comply with the warranty, and was not reasonably satisfactory, but also that the heater was too small, and the radiation noticeably deficient for the space it was required to heat. A finding that the warranty had been fulfilled would have found no support in the proofs. In view of our conclusion that the judgment must be reversed and a new trial had, other assignments of error need no consideration.

Judgment reversed.