(December 16, 1908.)

GEORGE STELTZ, Appellant and Respondent, v. THE ARMORY COMPANY, LTD., Respondent and Appellant.

[99 Pac. 98.]

MECHANIC'S LIEN — COMPLETION OF BUILDING — LATENT DEFECTS — BREACH OF BUILDING CONTRACT—WAIVER.

1. As a general rule, where the owner of a building accepts the same and takes possession thereof, and at the time of doing so the building is incomplete and contains patent and obvious defects, the acceptance will be deemed a waiver, and the contractor will be entitled to recover the amount earned on the contract.

2. An acceptance of a building or structure that has been completed, or which contains latent defects either in the class or character of its workmanship or the quality of material used, will not be deemed a waiver of such latent defects, but, on the contrary, the owner may maintain his action against the contractor for breach of the contract at such time as he discovers the extent of the defects or after he has had reasonable time and opportunity by due diligence to have discovered the same.

3. Where a building has been completed and the owner thereof has entered into possession of the same on the theory that the building is a completed structure, and he later discovers that the building was defectively constructed and not properly tied to the adjoining wall and the front falls out, the owner may recover the damages thus incurred on account of breach of the contract as an offset against the contractor who is seeking to foreclose his mechanic's lien for the construction of the building.

4. The fact that the owner of a building went into possession thereof with knowledge that the building contained latent defects in its construction and inferior material, will not prevent his claiming damages for such defects as an offset against the contractor's action to recover the contract price therefor, unless an express waiver is shown or such other facts and circumstances as would amount to a waiver of damages.

5. Under the provisions of sec. 6 of the lien laws of this state (Sess. Laws 1899, p. 148), every person performing labor or furnishing material for a building or structure is entitled to a lien therefor, and the amount to be recovered under such lien is always measured by the amount found to be due him under his contract.

6. Where a building contract provides for a forfeiture of $5 per day for each day the owner is kept out of possession thereof after the day fixed by the contract for the completion of the building, such damages cannot be recovered by the owner in an action by the contractor to foreclose his lien unless the same is affirmatively pleaded by way of defense or cross-complaint.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District, for the County of Latah. Hon. Edgar C. Steele, Judge.

Action by the plaintiff to foreclose a mechanic's lien. Answer by defendant claiming damages for breach of the contract. Judgment for plaintiff and a setoff allowed in favor of defendant. Both parties appeal. *Affirmed.*

Stewart S. Denning, for Plaintiff.

"A cause of action arising out of the transactions set forth in the complaint as the foundation of the plaintiff's claim or connected therewith in favor of the defendant, must, to avail such defendant, be set forth in the answer as a counterclaim." (*Stevens v. Home Savings & Loan Assn.,* 5 Ida. 741, 51 Pac. 779; *Murphy v. Russell & Co.,* 8 Ida. 151, 67 Pac. 427.)

"The acts of the party and all the circumstances may be taken into consideration in the determination of the question, whether there is an implied waiver of the condition precedent." (*Boots v. Steinberg,* 100 Mich. 134, 58 N. W. 657; *Hanley v. Walker,* 79 Mich. 607, 45 N. W. 60, 8 L. R. A. 207; *Justus v. Myers,* 68 Minn. 481, 71 N. W. 667; *Hobkirk v. Portland Baseball Club,* 44 Or. 605, 76 Pac. 776; *Chamberlain v. Hibbard,* 26 Or. 428, 38 Pac. 437; *Barker v. Nichols,* 3 Colo. App. 25, 31 Pac. 1024.)

I. N. Smith, for Defendant.

Where the owner takes possession, but does not waive defects, and thereafter latent defects appear, such possession is not a waiver of defects of which the owner had no knowledge. (*Barker v. Nichols,* 3 Colo. App. 25, 31 Pac. 1024; *United States v. Walsh,* 115 Fed. 697, 52 C. C. A. 419; *Monahan v. Fitzgerald,* 164 Ill. 525, 45 N. E. 1013.) The fact that the owner has expressed his satisfaction with the work and accepted it does not estop him from showing that the employee had failed properly or sufficiently to perform the work. (*Meyer v. Martin* (Tex. Civ. App.), 50 S. W. 470; *Mohney v. Reed,* 40 Mo. App. 99; *Hanley v. Walker,* 79 Mich. 619, 45 N. W. 57, 8 L. R. A. 207.)

AILSHIE, C. J.—This action was instituted by the plaintiff for the foreclosure of a mechanic's lien. Plaintiff entered into a contract with the defendant corporation to furnish the material and construct an armory building in the city of Genesee. Plans and specifications were adopted, the price and terms of payment were agreed upon, and the building was

erected. The company went into possession of the building and continued to use it for some six weeks, at which time an unusual windstorm occurred and blew down the front of the building. The company declined to pay the contractor, whereupon he filed his lien and prosecuted this action to foreclose the same. The defendant company answered, admitting the contract, but denying that the building was ever completed "in a good, substantial and workmanlike manner." It also alleged as an affirmative defense that the building was defectively constructed, in that the front wall was not properly tied to the adjoining building, and other defects were charged, whereby the defendant alleged damages in the sum of $200. The trial resulted in a judgment in favor of the plaintiff for a balance due of $700 on the contract and $28.50 for extras. The court found in favor of the defendant on its allegation of damages in the sum of $140, which sum was offset against the total balance due on the contract. Both parties appealed from the judgment; and since each party is both appellant and respondent in this court, we shall refer to them in this opinion as plaintiff and defendant. Findings 4, 5, 6 and 7 are as follows:

"4. The court finds that the defendant tendered into court the sum of $610, and is shown to have tendered the same amount to the plaintiff at a period long prior to the time of the case.

"5. The court also finds that the defendant corporation has been in possession of the building ever since the date shortly after its construction, and that they went into possession of the said building with full knowledge of the defect alleged to have been the cause of the falling of the wall.

"6. The court finds that the north wall of the building was defectively constructed and that it was not properly tied to the building, and that on an occasion shortly after the defendant had taken possession of the same, the wall was blown down by a high wind, and the court finds that all of the aforesaid facts are substantiated by the evidence.

"7. The court further finds that it would take the sum of $140 to replace the said wall, and that the defendant has been

damaged to that extent, and the court finds that the defendant is entitled to deduct from the amount of the contract the sum of $140.''

Defendant contends that the fifth finding to the effect that the company went into possession of the building with full knowledge of the defect alleged to have been the cause of the falling of the wall is unsupported by the evidence, while the plaintiff contends that findings 6 and 7, to the effect that the north wall of the building was defectively constructed to the defendant's damage in the sum of $140, is not supported by the evidence. We may dispose of these contentions on the part of both plaintiff and defendant by saying that there is a substantial conflict in the evidence on all these points, and that there is sufficient evidence in the record to support each of the findings. We would not disturb them on that ground. The contract provided that the plaintiff should construct this building ''in a good, substantial and workmanlike manner.'' Evidence was produced tending to show that the defendant complied with this provision of the contract. There was also a great deal of evidence produced by defendant to the effect that he had not complied with this part of the contract. There is also evidence both ways on the question as to whether defendant had knowledge in a general way of this defect at the time it entered into possession of the building. It must be admitted, we think, that the defect in not tying the wall to the adjoining building with spikes or ties was not an obvious or patent defect, but was rather a latent defect. Had it been a patent and obvious defect or a failure to complete the building, the defendant would, under ordinary circumstances, be held to have waived the same by taking possession of the building without doing so conditionally or protesting against its condition or demanding its completion. It may often happen that a building or structure contains a latent defect that the owner cannot reasonably discover at the time he takes possession; for instance, the material of which it is constructed may be of an inferior quality, or the work may have been so imperfectly done as to render the building or structure of little use or slight value, or so that it may fall, and thereby cause great damage

to the owner.   In such case the owner, although having paid for the building, would be entitled to recover damages for breach of the contract.   (*Barker v. Nichols,* 3 Colo. App. 25, 31 Pac. 1024.)

Counsel for the defendant contends that these defects actually existed as proven and found by the court, and that for such reason the plaintiff had failed to "faithfully perform and fully comply with the contract on his part," and was consequently not entitled to recover and particularly not entitled to a lien under sec. 7 of the lien laws (Sess. Laws 1899, p. 148). In support of this contention plaintiff cites the cases of *Justice v. Myers,* 68 Minn. 481, 71 N. W. 667; *Boots v. Steinberg,* 100 Mich. 134, 48 N. W. 657; 27 Cyc. 402, 403.   The Justice case involved a contract for putting in a heating plant.   The contract contained a warranty to the effect that the radiation should be sufficient to heat the rooms to seventy-five degrees on the coldest winter weather, and that the plant might be tested by the owner before accepting, and that if not entirely satisfactory it should be made so by the contractor without any additional expense.   The defendant alleged that she had never accepted, but, on the contrary, had notified the plaintiff that it was not up to the requirements and that she would not accept it.   The court held that there was no substantial compliance with the contract and that they could not maintain their action.

In *Boots v. Steinberg,* the contract provided for the erection of a house, and, among other stipulations, provided that it should be to the satisfaction of the owner; who should have the right to act as superintendent of the work or appoint someone to act in that capacity, and the last payment was not due until "ten days from the completion of said work to the satisfaction of said Julius Steinberg."   It appeared from the evidence that a number of things required to be done by the contract were never in fact completed in any manner, and others were imperfectly completed.   The court held that the contract was not substantially complied with and refused plaintiff any relief.

The facts of that case are somewhat different from the facts

concerned, and as a matter of fact, the building was a completed structure, although defectively constructed. The company accepted it, and one of the defendant's officers went far enough on the night it was opened for use to publicly state that they had a better building than they had expected to get for the money, and that they thanked the contractor for the work he had done. The trouble was, however, that in the matter of construction itself, the building, although a completed structure, was so defectively and imperfectly erected as to entail damage to the defendant by reason of the front blowing out when the storm came.

Taking possession of the building with knowledge of the latent defect it contained is sufficient to prevent the owner from denying the completion of the building in an action by the contractor to foreclose his lien. (Sec. 6, Lien Laws (Sess. Laws 1899, p. 148) ; Boisot on Mechanics' Liens, sec. 1; *Bell v. Teague*, 85 Ala. 211, 3 South. 861.) On the other hand, the mere fact of entering into possession with knowledge of this defect is not sufficient to defeat the owner's right of action for breach of the contract as to the quality of material used, of the class and character of workmanship put on the building, unless an express waiver is shown or such other facts as would amount to a waiver. The owner always has the general possession of the property, and the contractor's possession is only a special and limited possession for the purpose of doing the work for which he has contracted. It often becomes necessary and essential for the owner to take possession of a building or structure, although not completed or imperfectly and defectively constructed, in order to protect himself from still further and greater damages. The fact of such possession should not be a bar to his right of recovery for breach of the contract. (*Barker v. Nichols*, 3 Colo. App. 25, 31 Pac. 1024; *Hanley v. Walker*, 79 Mich. 619, 45 N. W. 57, 8 L. R. A. 207; *Boots v. Steinberg*, 100 Mich. 134, 58 N. W. 657; *United States v. Walsh*, 115 Fed. 697, 52 C. C. A. 419.) Knowledge in a general way of a latent defect, of which the owner had no means of knowing its extent and latent dangers, will not amount to a waiver of the right of action for a breach of the

contract, in the absence of other facts tending to disclose an intent to waive the right of action.

Under sec. 6 of the lien laws (Sess. Laws 1899, p. 148), every original contractor claiming the benefit thereof must, within ninety days, and every other person within sixty days, after the completion of a building, improvement or structure, or in case he, for any cause, ceases to labor thereon before the completion thereof, file for record with the county recorder his notice of lien, etc. Sec. 1 of the act provides that every person performing labor or furnishing material for a building or structure is entitled to a lien. This statute seems to be drawn upon the theory that any person who contributes labor or material for the construction, alteration or repair of a building or structure on another's real estate, is entitled to a lien therefor. Of course the extent of the lien when he comes to foreclose it must be measured by the amount found due him on his contract at the time of filing his lien. If there is nothing due him under his contract, he is not entitled to any lien. But if anything is found to be due him, he is entitled to a lien therefor. This statute is evidently based on the theory that whoever contributes labor or material whereby the real property of another is enhanced in value, shall be entitled to a lien upon the whole property in the sum due. The affirmative answer and defense of defendant in this case is drawn apparently on the theory that the building, although at one time a completed structure and accepted by the defendant, contained latent defects and faults which resulted in damage to the defendant, and that defendant was entitled to recover the amount of damage sustained by reason thereof, and have the same set off against the contract price of the building. The court's findings and judgment seem to follow that theory of the case. We think it was proper and in harmony with the law for the court to find the amount of damage sustained by defendant on account of the defective workmanship and construction, and to offset the same against the balance due on the contract price.

Appellant also insists that the court erred in not awarding it damages at the rate of $5 per day for each day it was kept out of possession of the building, from the 1st day of Septem-

ber until the date it entered into possession. The contract contained a provision that the building should be completed on the 1st day of September, and that the contractor should pay the owner the sum of $5 per day for each day thereafter until the building should be completed. The court made no finding on this question. In fact, there was no issue tendered on that subject. The defendant did not plead damages on account of plaintiff's failure to complete the building within the time specified in the contract. There is no mention of this either in the answer or affirmative defense. It would be manifestly erroneous to allow a party to recover such an item of damages for breach of a contract without tendering any issue whatever on the subject. (*Stevens v. Home Sav. & Loan Assn.*, 5 Ida. 741, 51 Pac. 779; *Murphy v. Russell & Co.*, 8 Ida. 151, 67 Pac. 427.)

We find no error in the record, and the judgment will therefore be affirmed. Each party having appealed in this case, the whole cost of the two appeals will be equally divided between the parties to the action.

Sullivan, J., and Stewart, J., concur.

Petition for rehearing denied.