FLORIDA BANK & TRUST COMPANY of West Palm Beach, as Liquidator of the First American Bank & Trust Company, *Appellant,* vs. LYNN S. NICHOLS, as Successor Trustee; Ernest Amos, as Comptroller of the State of Florida; and William V. Knott as Treasurer of the State of Florida, *Appellees.*

135 So. 906.
Division B.

Opinion filed June 25, 1931.

*Beall & Farish, Cary D. Landis,* Attorney General, and *H. E. Carter,* Assistant, for Appellees;

*O. E. Falls,* for Appellant.

TERRELL, J.—Appellant, Florida Bank and Trust Company, was regularly appointed liquidator of First American Bank and Trust Company. At the time First American Bank and Trust Company was placed in the hands of the appellant as liquidator it was acting as trustee for a particular trust under a trust deed and Lynn S. Nichols was later appointed successor trustee for said particular trust. As successor trustee, Nichols brought this suit against Florida Bank and Trust Company as liquidator for accounting and to require the said liquidator to deliver to him certain cash assets belonging to said particular trust. On final hearing the Chancellor entered his decree in favor of Lynn S. Nichols as successor trustee in the sum of one hundred four and three one hundredths dollars being the full amount held by the liquidator for said particular trust. The final decree also carried cost in the sum of eleven and thirty-five one hundredths dollars. From that final decree, Florida Bank and Trust Company prosecuted this appeal.

Two questions are brought here for adjudication, viz: (1) When a trust company is being liquidated and its security and cash on hand are insufficient to pay all trust claimants in full, is appellee one of said claimants entitled to have his decree satisfied as secured or should he be required to participate equally or ratably in the proceeds of said trust funds with all other trust claimants, and (2) What claims may be satisfied with the trust securities held by the State Treasurer under Section 4188 Revised General Statutes of 1920 when judgment or decree is secured and when the trust company depositing them has gone into liquidation.

The record shows that when First American Bank & Trust Company was placed in the hands of the liquidator it was acting as trustee for a number of particular trusts, was handling trust claims aggregating many thousands of dollars and that said claims were largely represented by securities only a small portion of which was available for payment in cash. It is also shown that if Lynn S. Nichols as successor trustee is paid his trust claim in full other trust claimants who are or will be entitled to payment will be discriminated against in that they will not participate equally with said successor trustee in said trust funds but will have to accept a smaller proportionate sum than was paid appellee.

If the funds belonging to each particular trust had been kept and invested separately and separate accounts of them kept there would have been no ground for this contention, as every claim would rest on its own security but the law (Section 4186 Revised General Statutes of 1920, Section 6127 Compiled General Laws of 1927) except as amended by section twenty-eight Chapter 13576 Acts of 1929 does not seem to require that this be done and the record discloses that the funds of the various particular trusts including the one involved in this litigation have been commingled and held in bulk; and that such of said trust funds as were invested or secured were invested and secured in the same manner. It further appears that the securities held to secure said trust funds, while deposited in compliance with law and were ample at the time taken, many of them have since shrunk in value and there is at present no market value for them, that it would be impossible to convert them into their face value, and that it would not now be practicable or possible to accurately segregate or allocate the trust funds or security held by appellant to any particular trusts.

Sections 6128 and 6129 Revised General Statutes of 1927, being Sections one and two of Chapter 12422 Acts of

1927, Laws of Florida, make it unlawful for any director or employee of a trust company to deposit the uninvested funds belonging to any particular trust for which said trust company shall be trustee in the banking department of the trust company or with any other bank, trust company, or corporation without taking adequate security therefor in bonds of the United States, bonds of the several states, municipal bonds of this state, special district bonds, drainage bonds, or first mortgages on improved real estate, said securities to be set aside by resolution of the trust company and to be held in trust by it as security for the benefit of the uninvested funds secured by them.

Section 4188 Revised General Statutes of 1920 (Section 6131 Compiled General Laws of 1927) among other things requires that as a prerequisite to transact a trust business in this state every company shall deposit with the State Treasurer a sum equal to twenty-five percent. of its paid in capital stock but in no event shall such deposit be less than twenty-five thousand dollars. The said deposit may be in cash or bonds of equal market value, stocks, or other securities including mortgages or deeds of trust on real estate, shall be approved by the State Treasurer, the Attorney General, and Comptroller, and be held in trust by the State Treasurer subject to the payment of any judgment or decree which may be rendered against said company.

It is conceded that as required by Section 4188 Revised General Statutes of 1920 the State Treasurer holds four notes aggregating two hundred thousand dollars secured by a mortgage but the record discloses that while the property described in said mortgage has a substantial value it would not now bring the face of the mortgage at forced sale.

When securities held under Sections 6128 and 6129 Compiled General Laws of 1927 are shown to be worth their face value or they could be made to yield that amount in cash we think the judgment in full against them should be affirmed

but since they have been commingled and held in bulk and cannot be segregated and are not worth par we think every particular trust must be treated alike and share equally in both the net proceeds and the shrinkage of the securities. Appellee is not shown to be in any different position from others and must therefore participate in the proceeds of said trust funds in like manner as other trust claimants.

In Knott vs. Morris, as successor trustee, decided March 28, 1931, we held that the securities deposited with the State Treasurer under Section 4188 Revised General Statutes of 1920 (Section 6131 Compiled General Laws of 1927) while required as a prerequisite to do a trust business in this state are nothing more than a substitute for an indemnity bond required of those performing a trust or public function, as protection for liability arising in the event of breach of faith or duty and are to be exclusive of any or all other bonds required for that purpose. (Section 4187 Revised General Statutes of 1920, Section 6130 Compiled General Laws of 1927).

In requiring that securities deposited under Section 4188 Revised General Statutes of 1920 (in this case the notes aggregating two hundred thousand dollars and the mortgage securing said notes) be held by the State Treasurer subject to the payment of any judgment or decree which may be rendered against the trust company depositing them, the law had in contemplation all judgments or decrees secured against the trust company while it was a live and going concern without reference to the character of the claim on which such judgment or decree is rendered so long as predicated on some act or transaction of the trust company as such. This rule many be modified or may not apply when the trust company making such deposit has failed and been turned over to a liquidator for liquidation.

Under the facts presented in this case it is our view that the funds held by the State Treasurer under Section 4188 Revised General Statutes of 1920 must be placed to the

credit of the common fund of cash and securities held by the liquidator for the benefit of all the particular trusts and that they must be distributed in the same manner as funds held by him under Section 6128 and 6129 Compiled General Laws of 1927.

The judgment below is accordingly reversed.

Reversed.

WHITFIELD, P.J., AND DAVIS, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.

BROWN, J., concurring:—On the facts in this case, I concur in the opinion of Mr. Justice Terrell; but there may be cases where a cestui que trust might occupy such a position as to entitle him to a preference or priority over other classes of trusts, in the distribution of the proceeds of the commingled securities.