CARROLL, Judge.
This is an appeal by the plaintiff below from an adverse judgment entered on a verdict directed for the defendant at the close of the presentation of the evidence by the plaintiff.
The appellant Bradford Builders, Inc. sued the Department of Water and Sewers of the City of Miami for a balance of $14,400 under a construction contract. The complaint alleged: “The plaintiff has fully and completely performed the terms of said contract and has done all the work required to be done by it thereunder, notwithstanding which the defendant wrongfully withholds the sum of $14,400.00 due to the plaintiff, in accordance with the terms of said contract and refuses to pay the same.” Defendant admitted the contract and that the work was performed but denied the sum of $14,400 was wrongfully withheld and averred it was not indebted to the plaintiff, saying in its answer: “The defendant admits that the plaintiff has now fully performed and completed the work required under the contract between the parties, but specifically denies that its withholding the sum of $14,400 is wrongful, specifically denies that the said sum is due to the plaintiff, and says that it is not indebted to the plaintiff.” At trial plaintiff presented evidence of performance and of nonpayment of the said balance of $14,400. The entire contract was placed into evidence. Defendant moved for directed verdict. The motion was granted and judgment entered for defendant. Appellee argues that because the contract fixed a time limit for performance and prescribed a penalty for a delay, it was incumbent on the plaintiff to establish that the performance had been within the allotted time and that all of the balance unpaid was wrongfully withheld. If the directed verdict was granted on that basis, and we find no other support for it in the record, the learned trial judge was in error. The matter referred to in the argument of the appellee was the subject of an affirmative defense or set off to be pleaded and established by defendant. Fred Howland, Inc. v. Gore, 152 Fla. 781, 13 So.2d 303; Steltz v. Armory Co., Ltd., 15 Idaho 551, 99 P. 98, 20 L.R.A., N.S., 872; 17 C.J.S. Contracts § 591, p. 1234. An available affirmative defense, if not asserted, is considered waived under 1.11(h), F.R..C.P., 30 F.S.A., unless, though not pleaded, the issue is tried as provided for in rule 1.15(b), F.R.C.P. The evidence presented on behalf of the plaintiff was sufficient to make a prima facie case.
*139 On this disposition of the case it becomes unnecessary to rule on other questions raised. The judgment appealed from is reversed and the cause remanded for new trial.
Reversed and remanded.