337 So.2d 995 (1976)
Larry KERSEY and Primitivo Rios, Appellants,
v.
CITY OF RIVIERA BEACH, a Florida Municipal Corporation, Appellee.
No. 75-965.
District Court of Appeal of Florida, Fourth District.
July 9, 1976.
*996 Robert V. Romani, of Farish & Farish, West Palm Beach, for appellants.
Allen V. Everard and Nicholas P. Wellman, Riviera Beach, for appellee.
LEE, THOMAS E., Associate Judge.
This appeal is before us on appellants (plaintiffs below) challenging the trial court's ruling, in a non-jury trial, favoring the appellee (defendant-City) in employing them at a pay rate of Patrolman rather than as Identification Officers in the police echelon of appellee. Appellants principal contention is the trial court erred in admitting the documentary and oral testimony in the case to support an affirmative defense not previously pleaded by appellee or changing the applicable law of the case following the presentation of all the evidence.
Factually, the City of Riviera Beach, Florida, Department of Police, desired to restructure its Identification Department for the purpose of having a more sophisticated bureau to collect, classify and identify physical evidence, finger prints and technical photographic works. To staff the bureau, a table of echelon was to be established consisting of Captain, Lieutenant, Sergeant and Identification Officer. Their salary, under a new enabling ordinance, was to be similar to that of their counter-parts in the long-established police department.
In furtherance of this plan appellants Larry Kersey and Primitivo Rios (both seasoned identification officers from another city) were hired as Identification Officers on January 17, 1972 and February 7, 1972, respectively, at a starting salary of $158.46 per week. However, at this time, City Ordinance Number 883 was in effect which provided for the starting salary of an Identification Officer to be $178.31. It had been explained to appellants that their salary would come from the Department of Police as there was no provision in the current budget for their salary. On April 5, 1972, enabling legislation, City Ordinance Number 902 was passed to provide *997 for the Department of Police expansion and the payment of salaries for additional personnel employed to staff the identification bureau. Checking through their personnel records, appellants discovered that they should have been employed by appellee at the higher weekly salary and after demand for the increased compensation under Ordinance Number 883 suit was instituted by them resulting in judgment for appellee. This appeal followed.
The first point raised by appellants is:
Whether the trial court erroneously permitted testimony regarding appellee's budgetary restrictions when reliance on said budget was never set forth as affirmative defense by the appellee and was therefore totally irrelevant and immaterial to the applicable law of the case.
Rule 1.110(D) FRCP states that ... a party shall set forth affirmatively ... estoppel ... illegality ... and any other matter constituting an avoidance or affirmative defense. Accordingly it has long been held in Florida that affirmative defenses must be pleaded or they are considered waived. Con-Dev of Vero Beach, Inc. v. Casano, Fla.App., 272 So.2d 203 (1972); Wise v. Quina, Fla.App., 174 So.2d 590 (1965); Bradford Builders, Inc. v. Dept. of Water and Sewers, Fla. App., 142 So.2d 137 (1961). Specifically, estoppel must be affirmatively pleaded or it is waived, see Davis v. Evans, Fla.App., 132 So.2d 476 (1961). The principal defense raised by appellee was a budgetary estoppel argument; however, this defense was not affirmatively pleaded in the record. Even if the budget argument relied upon by appellee was not an estoppel, it would still be in the nature of a defense in justification and excuse, which also must be affirmatively pleaded or it is waived. The record reveals that the trial court expressly recognized the deficiency in appellees' answer (transcript 36 and 278). In fact, the trial judge stated in the record:
... "I agree with him at this point that this case has not been properly pled and if you are going to set up a different type of employment that should have been done by affirmative defense ..."
The record further reveals that the court stated:
"Gentlemen, this has been a difficult case for the Court to hear. Part of the problem has been due to the inartfulness or the problems created by the pleadings and the City's response was far from adequate to the complaint that was filed ..."
While there is an exception to the rule that affirmative defenses must be pleaded or they are waived, i.e. if they can be proven by the pleadings or the proof, such an exception presupposes acquiesence by opposing counsel. In this case sub judice appellants expressly objected to the introduction of budgetary estoppel as a defense. The record further reveals that while it may be argued that appellees should be allowed to amend their answer so that it conforms with the evidence (the allegata et probata) the city did not move to amend their answer in the lower court. Furthermore, the court may grant leave to amend over the objection of counsel only if the objecting party fails to satisfy the court that admission of the evidence will prejudice his case. FRCP 1.190(b). Finally, in the instant case the record further reveals that the court took cognizance of, and gave considerable weight to the budgetary estoppel argument.
It is abundantly clear in the record, the ruling was erroneous in that appellant demonstrated that they had timely objected to the budgetary argument and such ruling prejudiced their case. See Hart Properties, Inc. v. Slack, Fla.App., 145 So.2d 285. Also McArthur v. Cook, Fla., 99 So.2d 565.
For the reasons above stated, appellants first point is dispositive of this appeal and *998 the additional points on appeal have not been considered. The final judgment accordingly is reversed and the cause remanded to the trial court for a new trial on the issue of the amount of compensation, if any, to be awarded to the appellants.
REVERSED.
WALDEN, C.J., and DOWNEY, J., concur.