382 So.2d 878 (1980)
Ildefonso MARTINEZ and Nancy Martinez, Appellants,
v.
CLARK EQUIPMENT COMPANY and W.E. Johnson Equipment Company, Appellees.
No. 79-956.
District Court of Appeal of Florida, Third District.
April 29, 1980.
*879 Richard E. Doherty, Miami Beach, for appellants.
Highsmith & Strauss and Philip Glatzer, Pyszka, Kessler & Adams and William M. Douberley, Miami, for appellees.
Before HUBBART and NESBITT, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
HUBBART, Judge.
This is an action for strict liability in tort and negligent product design brought against the manufacturer of a forklift, and for negligent repair of the forklift brought against the company which serviced the forklift. The trial court directed a verdict for the manufacturer on the strict liability count and sent the other counts to the jury against both defendants. The jury returned a verdict in favor of the defendants on all counts and a judgment for the defendants was entered thereon. The plaintiffs appeal.

I
The central question involved in this appeal is whether on this record a directed verdict for the defendant manufacturer on the strict liability count was proper on the ground that (a) the forklift in question had substantially changed between the time it left the manufacturer's control and the time the plaintiff was injured, (b) the plaintiff was guilty of contributory negligence in the use of the forklift which led to his injuries in the subject accident, or (c) the plaintiff's negligence was the sole proximate cause of his injuries. For the reasons stated below, we conclude that the directed verdict for the manufacturer was improperly entered on the strict liability count based on this record. Accordingly, we reverse the judgment entered for the manufacturer and remand for a new trial on the strict liability count.

A
The facts pertaining to the above issue are as follows. On March 2, 1976, the plaintiff Ildefonso Martinez was employed as a warehouse worker for the Dade Division of American Hospital Supply Corporation in Dade County, Florida. Part of his employment duties included operating a forklift in the warehouse of his employer. This forklift was manufactured by the defendant Clark Equipment Company and was serviced by the defendant W.E. Johnson Equipment Company. On the day in question, the plaintiff was operating the subject *880 forklift, driving it in reverse, when the brakes failed and slammed the forklift up against the wall. The plaintiff's foot was crushed between the forklift and the wall causing certain injuries.
The plaintiff and his wife Nancy Martinez brought suit against the manufacturer for strict liability in tort and negligent design of the forklift and against the servicing company for negligent repair of the forklift. At trial, the plaintiff introduced expert and lay testimony tending to establish that the forklift contained a defective condition which was inherently dangerous to the user in that the forklift did not have a rear bumper or other similar safety device to protect the driver of the forklift from injuries to his feet in the event of a collision involving the rear of the forklift, that the plaintiff would not have been injured in this accident had such a rear bumper or other such safety device been on the forklift, that the defendant manufacturer is engaged in the business of selling forklifts and did in fact sell the subject forklift to the plaintiff's employer, and that the forklift reached the plaintiff at the time the accident occurred without any substantial change relating to the rear configuration of the forklift.
The defendant manufacturer introduced evidence at trial tending to establish that the plaintiff was aware of the dangerous condition of the forklift, that a co-employee had suffered a prior similar injury while operating the forklift and this injury was known to the plaintiff, and that the plaintiff knew that it was dangerous to allow his foot to protrude over the side of the forklift when operating it as there was no protective bumper to shield his foot from contact with other objects. The plaintiff countered with evidence tending to show that the most comfortable and, therefore, the most reasonable way to operate the forklift was to allow the foot to slightly protrude from the rear of the forklift as the plaintiff did at the time of the subject accident.
The defendant manufacturer also introduced evidence that subsequent to the sale of the forklift in 1970 to the plaintiff's employer, the drive wheel and hydraulic system of the forklift had been repaired. No evidence was developed, however, which showed any alteration or change in the rear configuration of the forklift.
At the conclusion of all the evidence, the trial court directed a verdict for the defendant manufacturer on the strict liability count and sent the count of negligent design against the manufacturer to the jury. Also the trial court sent the count of negligent repair against the defendant W.E. Johnson Equipment Company to the jury. The jury found for both defendants on all counts and a final judgment was entered for the defendants based on the verdict. The plaintiffs appeal.

B
It is clear that the doctrine of strict liability in tort as stated by Restatement (Second) of Torts § 402A (1965), has been adopted as the law of this state. West v. Caterpillar Tractor Co., 336 So.2d 80, 87 (Fla. 1976). Section 402A of the Restatement (Second) of Torts (1965), accordingly, represents the controlling law in Florida as to strict liability in tort and states as follows:
"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
"(a) the seller is engaged in the business of selling such a product, and
"(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
"(2) The rule stated in Subsection (1) applies although
"(a) the seller has exercised all possible care in the preparation and sale of his product, and
"(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."
*881 In the instant case, the plaintiff adduced, in our view, sufficient evidence at trial to establish each of the above elements of strict liability in tort against the defendant manufacturer. The defendant manufacturer, a seller engaged in the business of selling forklifts, sold the subject forklift to the plaintiff's employer, which product had a defective condition unreasonably dangerous to the user in that it lacked a rear bumper or similar safety device to protect the driver's feet against impact with other objects. The lack of such a bumper was in part responsible for the subject injuries as such injuries would not have been sustained had such a bumper or similar safety device been originally installed.

1
We have no difficulty in rejecting the defendant manufacturer's contention that the forklift was substantially changed between the time it left the manufacturer's control and the time of the subject accident so as to negate any liability for the alleged defect in the forklift under Section 402A. It is true that changes were made to the forklift in the form of repairs to the drive wheel and hydraulic system, but these were not "substantial" changes within the meaning of § 402A(1)(b) as they in no way affected the claimed defective condition in the forklift. The defect was the lack of a rear bumper or other similar safety device and the above changes in no way altered the rear configuration of the forklift. That defective condition existed when it left the control of the defendant manufacturer and reached the user plaintiff at the time of the subject accident in substantially the same condition.

2
We also have no difficulty in rejecting the defendant manufacturer's contention that the plaintiff's alleged contributory negligence barred any recovery for the plaintiff as a matter of law under § 402A. Although contributory negligence by the user of a product in the sense of unreasonable use of the product after discovery of a defect and danger therein is a comparative negligence defense to strict liability in tort, it is not an absolute bar to such an action so as to require the entry of a directed verdict against the plaintiff. The Florida Supreme Court has unmistakably so held in West v. Caterpillar Tractor Co., 336 So.2d 80, 90 (Fla. 1976), as follows:
"We recognize that contributory negligence of the user or consumer or by-stander in the sense of a failure to discover a defect, or to guard against the possibility of its existence, is not a defense. Contributory negligence of the consumer or user by unreasonable use of a product after discovery of the defect and the danger is a valid defense. Prior to the adoption of the comparative negligence doctrine, a plaintiff's conduct as the sole proximate cause of his injuries would constitute a total defense. See Coleman v. American Universal of Florida, Inc., 264 So.2d 451 (Fla.App. 1st 1972), quoting from 2 Frumer and Friedman Products Liability § 16.01(3), at 3-20 to 3-31. The defendant manufacturer may assert that the plaintiff was negligent in some specified manner other than failing to discover or guard against a defect, such as assuming the risk, or misusing the product, and that such negligence was a substantial proximate cause of the plaintiff's injuries or damages. See Annot., 13 A.L.R.3d 1057, 1100-1101. The fact that plaintiff acts or fails to act as a reasonable prudent person, and such conduct proximately contributes to his injury, constitutes a valid defense. In other words, lack of ordinary due care could constitute a defense to strict tort liability.
"We now have comparative negligence, so the defense of contributory negligence is available in determining the apportionment of the negligence by the manufacturer of the alleged defective product and the negligent use made thereof by the consumer. The ordinary rules of causation and the defenses applicable to negligence are available under our adoption of the Restatement rule. If this were not so, this Court would, in effect, abolish the adoption of comparative negligence. See Powers v. Hunt-Wesson Foods, Inc., 64 Wis.2d 532, 219 N.W.2d 393 (1974)."
*882 In the instant case, the evidence at trial was conflicting as to whether the plaintiff unreasonably used the forklift after admittedly discovering the defective condition and danger therein. The defendant manufacturer insists that the plaintiff should have driven the forklift without his foot protruding from the rear of the vehicle; and the plaintiff contends that this was most comfortable and, therefore, the most reasonable way to operate this forklift. Even assuming that the plaintiff was negligent in the operation of the forklift, such negligence would only be a comparative negligence defense which could reduce, but not bar, the plaintiff's recovery on the strict liability count.
The Supreme Court of Florida has reached a similar result in the recent case of Auburn Machine Works Co., Inc. v. Jones, 366 So.2d 1167 (Fla. 1979), when it rejected the patent danger doctrine as an absolute bar, as a matter of law, to recovery for strict liability in tort. The Court held that the plaintiff's contributory negligence, if any, constituted a comparative negligence defense to the action which might reduce, but could not bar the plaintiff from recovery as a matter of law. Our result in the instant case is in full accord with this holding.

3
We finally reject the defendant manufacturer's contention that the defective condition in the forklift was not a proximate cause of the plaintiff's injuries and that the sole proximate cause for such injuries was the plaintiff's claimed negligence. Although this is a valid defense to the instant action, Watson v. Lucerne Machinery & Equipment, Inc., 347 So.2d 459 (Fla. 2d DCA 1977), it clearly does not call for a directed verdict for the defendant manufacturer on this record. There was evidence at trial that the plaintiff would not have been injured but for the lack of a rear bumper or similar safety device on the forklift. Such evidence together with other evidence in the cause created a jury question on the proximate cause issue.
For the reasons stated above, it is our view that the trial court committed reversible error in entering a directed verdict for the defendant manufacturer on the strict liability count. The final judgment as to that count must be reversed and the cause remanded to the trial court for a new trial thereon.

II
There remains a secondary issue presented by this appeal which relates to the trial court's refusal to allow the plaintiffs to amend their complaint to include a count for breach of implied warranty against the defendant Clark Equipment Company and the defendant W.E. Johnson Equipment Company. The motion to amend was made at the beginning of the trial some 19 months after this action had originally commenced. The trial court denied the motion. We conclude that the motion came too late and that the trial court was well within its discretion in not allowing this amendment at this stage of the proceedings. Ruden v. Medalie, 294 So.2d 403 (Fla. 3d DCA 1974); Brown v. Montgomery Ward & Co., 252 So.2d 817 (Fla. 1st DCA 1971); Dunn v. Campbell, 166 So.2d 217 (Fla. 2d DCA 1964).

III
The final judgment as to the defendant W.E. Johnson Equipment Company is affirmed. The final judgment as to the defendant Clark Equipment Company is affirmed as to the negligent design count. The final judgment as to the defendant Clark Equipment Company is reversed as to the strict liability in tort count and the cause is remanded to the trial court with directions to order a new trial on that count only.
Affirmed in part; reversed in part.