PER CURIAM.
The Dodds appeal a final judgment wherein the trial court held that the Dodds had fraudulently used the appellees’ money to acquire 80 acres of land and created a constructive trust of the property in favor of the several appellees.[1] The Schimpfs and the Andrises have taken a cross-appeal from the final judgment challenging the allocation of interests in the trust res as between them and the appellee, Dr. Washu-ta. The final judgment reads in part as follows:
1. The evidence establishes that a relationship of trust and confidence existed between Plaintiff WASHUTA and Defendant JAMES E. DODD, individually and on behalf of the other Defendants (collectively “DODD”), as well as between Plaintiffs DONALD R. SCHIMPF and JOAN L. SCHIMPF (SCHIMPF), LOUIS M. ANDRIS and GEIDRE B. AN-DRIS (ANDRIS) and DODD and that by reason of such relationships, WASHUTA transferred $100,000.00 to DODD, SCHIMPF transferred $30,250.00 to DODD and ANDRIS transferred $19,-050.00 to DODD all of which sums DODD was to use for certain express purposes; that contrary to the understanding and conditions upon which the transfer of the said monies was based, DODD through the use of Plaintiffs’ said funds acquired title to 80 acres of undeveloped real property in Dade County, Florida as more fully described in certain special warranty deeds dated June 5, 1978 and recorded under clerk’s file number 78R145945 and 78R160379, respectively, copies of which are annexed hereto; that such acquisition by JAMES R. DODD, his wife BLANCHE R. DODD and their controlled corporation, DODD GROVES, INC., was done by Defendants with willful intent to defraud Plaintiffs and each of them and in malicious and flagrant breach of the duty and trust imposed by Plaintiffs in Defendants and as part of a plan or scheme to defraud Plaintiffs and convert Plaintiffs’ money to Defendants’ own uses; that such action by Defendants constituted and continues to constitute an unjust enrichment of all of the Defendants; that the equities of this cause are with the Plaintiffs and each of them and against the Defendants JAMES E. DODD, BLANCHE R. DODD, and DODD GROVES, INC., and that it is inequitable and unjust that the said 80 acres be retained by Defendants and that equity requires that a constructive trust be declared thereon for the benefit of Plaintiffs in accordance with their proportionate interests.
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:
*666 1. That a constructive trust in favor of Plaintiffs WASHUTA, SCHIMPF, and ANDRIS is hereby declared to exist in that certain real property more fully described in the Warranty Deeds, copy of which are annexed hereto, and which property is now or was at the time of the filing of the within law suit and attendant Notice of Lis Pendens, owned by Defendant JAMES R. DODD, BLANCHE R. DODD, and DODD GROVES, INC.;
2. That said Defendants, therefore, hold legal title to the said described real property in trust for the use and benefit of Plaintiffs WASHUTA, SCHIMPF, and ANDRIS;
3. That Plaintiff WILLIAM J. WASHUTA having transferred to DODD the sum of $100,000.00 is entitled to a 66.98% interest in the said real property;
4. That Plaintiffs DONALD R. SCHIMPF and JOAN L. SCHIMPF, his wife, having transferred the sum of $30,-250.00 to DODD, are entitled to a 20.26% interest in the said real property;
5. That Plaintiffs LOUIS M. ANDRIS and GEIDRE B. ANDRIS, his wife, having transferred the sum of $19,050.00 to DODD, are entitled to a 12.76% interest in the said real property;
6. That Plaintiffs are entitled to sole possession of the said real property in accordance with their said percentage interests;
7. That upon entry of this Final Judgment, all right, title, interest, estate, claim, demand and equity of redemption of the Defendants, and each of them, and of all persons, other than Plaintiffs here-
in, claimed by, through, or under said Defendants, or any of them, and all other persons since the date of the filing of this suit, shall be forever barred;
8.That said Defendants, and all of them, and all persons other than Plaintiffs herein, claiming under said Defendants, subsequent to the filing of Notice of Lis Pendens herein, are permanently enjoined and restrained from asserting any estate, right, title, lien or interest in or to said real property, or any part thereof, adverse to the rights and claims of Plaintiffs WASHUTA, SCHIMPF, and AN-DRIS;
The Dodds and their corporation urge as error the failure of the trial court to permit them to amend their answer to conform to the evidence to raise the affirmative defense of usury. They are contending that Washuta made a $100,000.00 usurious loan under the evidence and that the trial judge erred in not finding that Schimpf had can-celled his contract and Andris had breached his.
We disagree and affirm. As to the motion to conform the answer, first, it did not come until long after the testimony closed.[2] Wolf Ridge Plastics, Inc. v. Jacksonville Electric Authority, 388 So.2d 1298 (Fla. 1st DCA 1980); Martinez v. Clark Equipment Company, 382 So.2d 878 (Fla. 3d DCA 1980). Secondly, defendants tendered no evidence, without objection, that went to the defense of usury, and, lastly, the defendant’s amended answer contended that any loan was from one Harvey and not from Washuta.[3] Kersey v. City of Riviera Beach, 337 So.2d 995 (Fla. 4th DCA 1976); *667 Deese v. Hartford Accident and Indemnity Company, 205 So.2d 328 (Fla. 1st DCA 1967).
As to the trial judge’s determination of the alleged cancellation and breach of agreements by Schempf and Andris; the evidence was in conflict and the record supports the trial judge’s ultimate findings. United States Fidelity and Guaranty Co. v. Darden, 338 So.2d 37 (Fla. 3d DCA 1976); State of Florida Board of Trustees of Internal Improvement Trust Fund v. Ball, 300 So.2d 741 (Fla. 1st DCA 1974).
On the cross-appeal we find no error in the trial judge’s allocation of the 80 acres actually purchased in accordance with the sums advanced'. The deposits made by Schimpf and Andris had already been forfeited and the property acquired was not that contracted for and, but for the $100,-000.00 advanced by Washuta, Schimpf and Andris would not have received the transfer of any property. Therefore, under the reasoning contained in the restatement, Trusts and other authorities[4] we find no error. See Vol. V, Scott on Trusts, 3rd Ed., § 519; Restatement of the Law, Restitution (1937), § 213; Compare; First State Trust and Savings Bank of Springfield v. Therrell, 103 Fla. 1136, 138 So. 733 (1932); Florida Bank and Trust Company of West Palm Beach v. Nichols, 102 Fla. 203, 135 So. 906 (1931). Therefore, for the reasons above state the final judgment under review is affirmed.
Affirmed.

. There were three suits seeking constructive trusts, they were consolidated and tried at one time.

. This cause was heard on four different dates. The first hearing was July 25, 1978; the second September 25, 1978; the third November 26 and 27, 1979; and the final hearing April 1, 1980. Dr. Washuta testified at the hearing on November 26 and 27, 1979. The motion to amend their pleadings to conform to the evidence was filed by the defendants June 2, 1980, some 6 months after Dr. Washuta testified and 2 months after the close of the evidence.

. The defendants’ amended answer states: . . . the Defendant DODD admits he received a loan of $100,000.00 from Walter Harvey.

.. . the Defendant DODD admits he used the $100,000.00 he received from Walter Harvey to acquire a portion of the land described in Exhibit “A”.

.. . That the Defendant DODD never met the Plaintiff until after the Defendant DODD received a loan of $100,000.00 from Walter Harvey.

... however, the Defendant DODD admits he used the $100,000.00 he received from Walter Harvey to acquire Title to a portion of the property mentioned in Exhibit “D”.

. Vol. V, Scott on Trusts, 3rd Ed., § 519,
Where the mingled fund is used in acquiring other property, the claimants are entitled to enforce an equitable lien upon the property, or at their option they can enforce a constructive trust, each taking a share in proportion to his contribution to the fund. Thus if the fund is profitably invested, the claimants are entitled to share the profit (citations omitted). If the property purchased depreciates in value, the loss will be borne by them pro rata, (citations omitted). As between the claimants and the wrongdoer . . . the claimants are entitled to priority with respect to the fund and its traceable proceeds; but as between themselves there is no reason to prefer one over another, and therefore they share pro rata in the profits or the losses, (emphasis supplied).
Restatement of the Law, Restitution (1937), § 213, ... [w]here a person wrongfully mingles money of two or more persons, each of them is entitled to share in the mingled fund or in property acquired with the fund, in such proportion as his money bore to the whole amount of the fund.