PER CURIAM.
Johnson appeals a judgment in accordance with a motion for directed verdict entered in favor of Richard T. Byrnes Co., Inc. (Byrnes). Byrnes cross-appeals, contending that if a reversal of the judgment is indicated, it is entitled to a new trial. We reverse the judgment in favor of Byrnes and find that the errors claimed on cross-appeal were either not preserved or are without merit.
In West v. Caterpillar Tractor Co., 336 So.2d 80, 87 (Fla.1976), this state adopted the doctrine of strict liability as stated, in part, in Restatement (Second) of Torts, section 402 A (1965),
(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
(a) the seller is engaged in the business of selling such a product, and
(b) it is expected to and does reach the user or consumer without substantial *1113 change in the condition in which it is sold.
In the record before us there is competent substantial evidence to support a jury finding that (a) Byrnes was in the business of selling edge banders, (b) the edge ban-der sold, being without adequate safety guards for its saw blades, was in a defective condition unreasonably dangerous to the user, (c) the edge bander reached the user without substantial change in condition, at least with regard to the alleged defect, and (d) the defective product was a legal cause of Johnson’s injury. Since there was evidence establishing each of the elements of strict liability, the jury could properly return a verdict for Johnson. The trial court therefore erred in entering judgment in accordance with Byrnes’ motion for directed verdict. See Hendricks v. Dailey, 208 So.2d 101 (Fla.1968); Behar v. Root, 393 So.2d 1169, 1170 (Fla. 3d DCA 1981); see also Martinez v. Clark Equipment Co., 382 So.2d 878 (Fla. 3d DCA 1980). Accordingly, the judgment in favor of Byrnes is reversed with directions to enter judgment on the jury’s verdict.
Reversed and remanded with directions.