LEHAN, Judge.
Plaintiffs appeal a final summary judgment for defendants in a personal injury action arising from a multiple vehicle automobile accident. Notwithstanding the well presented argument on behalf of defendants, we reverse.
Plaintiff Ernest Dunn was in his car stopped at a red light at an intersection when his car was struck from behind by a cab driven by defendant Bruce Schurga and owned by defendant Yellow Cab Company of St. Petersburg. As Schurga moved his cab out of the street, Dunn got out of his car to inspect the damage. Meanwhile, a third car stopped behind Dunn’s ear. Before Dunn could get back into his car, a fourth ear collided with the third car, bounced off the third car, and struck Dunn, causing the injuries to him alleged in this suit. That collision also caused the third car to hit, first, Dunn’s car and, then, the cab. The speed limit on the road, which afforded to approaching motorists an unobstructed view of the intersection, was 35 m.p.h.
Plaintiffs instituted this suit against the above-named defendants for personal injuries sustained when Dunn was struck by the fourth car. (Their suit against the driver and owner of that car was settled.) Schurga and Yellow Cab moved for summary judgment which the trial court granted and which is the subject of this appeal. The apparent basis for the summary judgment was that the negligence of the driver of the fourth car was ruled to have been, as a matter of law, an independent, efficient intervening cause of Dunn’s injuries which broke the chain of causation between the defendants’ alleged negligence and those injuries, as in Department of Transportation v. Anglin, 502 So.2d 896 (Fla. 1987), which the trial court cited.
We agree with appellants’ argument on appeal that the facts of this case appear more closely aligned with Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520 *1193 (Fla.1980), in which it was concluded that the foreseeability of an intervening cause was a question of fact for the trier of fact.
The facts of this case appear even more closely aligned with Zwinge v. Hettinger, 530 So.2d 318 (Fla. 2d DCA 1988), which reached a result like that in Gibson. For recitations of facts of Anglin, Gibson, and Zwinge, see Zwinge, 530 So.2d at 319-23. See Zwinge also for a particular difference between the facts of Anglin as compared to those of Gibson, Zwinge and the case at hand as to lack of foreseeability as a matter of law. 530 So.2d at 322.
Reversed and remanded for proceedings consistent with this opinion.
DANAHY, A.C.J., and FRANK, J., concur.