616 So.2d 1152 (1993)
Cathy McCOY, as personal representative of the Estate of Michael McCoy, deceased, Appellant,
v.
HARSCO CORPORATION, a Delaware corporation, and Cralle-Hall Motor Co., Inc., a Florida corporation, Appellees.
No. 92-01881.
District Court of Appeal of Florida, Second District.
April 14, 1993.
Avery B. Goodman of Avery B. Goodman, P.A., Clearwater, for appellant.
Brent A. Owens of Dore & Owens, P.A., Tampa, for appellee Harsco Corp.
David H. McClain and John O. Strauss of McClain & Strauss, P.A., Tampa, for appellee Cralle-Hall Motor Co., Inc.
PATTERSON, Judge.
The appellant, personal representative of Michael McCoy's estate, challenges the final order granting the appellees a directed verdict in this wrongful death action. We reverse.
Michael McCoy was employed by H & W Site Development, Inc. (H & W), as a dump truck driver. This case arises from an accident involving the dump truck McCoy drove during site clearing operations. Appellee Hardee Manufacturing Company, a division of Harsco Corporation (Harsco), manufactured and installed the truck's dump body. H & W purchased the truck and dump body from appellee Cralle-Hall Motor Company, Inc. (Cralle-Hall).
On the morning of June 3, 1986, McCoy asked William Walton, H & W's owner, to weld a metal strap onto the center top of his dump truck tailgate to facilitate its removal and replacement with a lift and chain. H & W had instructed its workers to remove a tailgate by one of two different methods: either by taking out the tailgate's top hinge pins, releasing the bottom catch, and kicking off the tailgate from inside the truck's bed; or by attaching a chain to a mechanical lifting device and lifting the tailgate off. The latter procedure could be accomplished by wrapping a chain around the tailgate or attaching the chain to the added metal strap.
*1153 Later that day, McCoy arrived at the job site and asked Keith Atkins, one of H & W's employees, to help him take the tailgate off his truck. Atkins removed one pin and McCoy removed the other. McCoy then got out of the dump truck's bed and picked up a chain which was attached to the metal strap on the tailgate. It was his intent to hook it onto the bucket of a front-end loader tractor being operated by Gerald Emmanuel. Emmanuel asked McCoy why he did not follow standard procedure and just kick off the tailgate. McCoy replied that he did not want to get the tailgate dirty. As McCoy attempted to hook the chain to the bucket, the tailgate fell on top of him, causing fatal injuries. The record contains no evidence that McCoy exerted pressure on the chain which caused the tailgate to fall.
The appellant filed suit against Harsco and Cralle-Hall seeking damages for wrongful death. Her third amended complaint alleged in count I that Harsco should be found strictly liable since the dump truck had a design defect which was the proximate cause of McCoy's death. Count I further alleged that Harsco failed to warn of the danger of falling tailgates or to provide an instruction manual.
Count II alleged that Harsco acted in willful and wanton disregard for the foreseeable users of its product because it sold to a site clearing company a "one-way top pivot tailgate," which is "not equipped with a latch or other device to prevent accidental starting or tripping." It further alleged that Harsco "gave neither oral nor written instructions on the use of a tailgate that it knew was highly dangerous."
Count III alleged that Cralle-Hall should be held strictly liable for selling H & W the defective dump truck. Count IV alleged that Cralle-Hall acted in willful and reckless disregard for the safety of the foreseeable users of its product by selling the defective truck. It further alleged that Cralle-Hall failed to warn of the dangers of removing the tailgate and failed to provide instructions on the use of the tailgate.
The appellees answered that McCoy's actions in removing the tailgate were not foreseeable and that McCoy was warned by coworkers of the danger in attempting to remove the tailgate in the manner in which he did. They asserted that McCoy acted in a negligent manner and that such negligence was the proximate cause of his injuries. They also asserted that no design defect existed in the truck and that the truck had been altered from the state in which it had been sold by the attachment of the metal strap.
At trial, the appellant argued that the metal strap was not the cause of the accident or, in the alternative, that the welding on of the strap to this particular tailgate design was foreseeable. The appellant produced an expert who testified that the dump truck's tailgate was defective because the pivot pins were too easily removed and there was no secondary latch mechanism. He testified that no substantial change to the tailgate had been made after it had been delivered, and that the welding on of the strap was not an unusual occurrence. He also testified that the dump truck failed to meet the standard of heavy equipment manufacturers, who generally provide three types of manuals: a service manual, a parts manual, and a shop manual.
At the conclusion of the appellant's case, and at the conclusion of the appellees' respective cases, the appellees moved for a directed verdict on the issues of strict liability and negligence. The motions were taken under advisement by the court at that time. The case was submitted to the jury and after deliberating the jury was unable to reach a verdict.
The appellees reasserted their motions for a directed verdict, arguing that any alleged defective condition was not the cause of the accident, and that the added metal strap constituted an intervening cause to any negligence on their part. They argued that the appellant failed to prove that any negligence was a legal cause of the accident.
The trial court granted the appellees' motions for a directed verdict. The court stated in its final judgment:

*1154 The welding of the rebar loop or strap to the tailgate was a material and substantial alteration of the dump truck subsequent to manufacture and sale to H & W Site Development, Inc., and that said alteration was an intervening legal cause of Michael McCoy's death so as to break the chain of causation as to any alleged defect in said dump truck, and that had the rebar loop or strap not been welded to the dump truck's tailgate, the decedent would not have been able to remove that tailgate in the manner above-described.
The trial court apparently concluded as a matter of law that: (1) the addition of the strap was a substantial material alteration of the tailgate; (2) the procedure was not foreseeable by the manufacturer or distributor; and (3) the alteration was an intervening cause which broke the chain of causation between the appellees' alleged negligence and McCoy's death. These conclusions were reached in the face of the appellant's expert testimony that the design of the tailgate was defective, the addition of the strap was not a substantial change of the tailgate or an unusual occurrence, and that the appellees failed to meet industry standards by not providing manuals with the vehicle. Further, as to the issue of foreseeability of the alteration, Walter Harkala, a former vice president of Harsco Corporation, testified that he was aware that rebar hooks were added to the top of tailgates.
Issues of substantial material alterations, foreseeability, intervening cause and proximate cause based on conflicting evidence are questions which must be determined by the trier of fact and not by court on a motion for directed verdict. See Gibson v. Avis Rent-A-Car Sys., Inc., 386 So.2d 520 (Fla. 1980); Dunn v. Schurga, 533 So.2d 1192 (Fla. 2d DCA 1988); Zwinge v. Hettinger, 530 So.2d 318 (Fla. 2d DCA 1988); Martinez v. Clark Equip. Co., 382 So.2d 878 (Fla. 3d DCA 1980). Further, "in considering a motion for directed verdict, the trial court must review the evidence in the light most favorable to the nonmoving party, with any reasonable doubt and inference being resolved in that party's favor." Zwinge, 530 So.2d at 321. Since the record contains conflicting evidence, i.e., issues for the trier of fact, we reverse the order granting the directed verdict in the appellees' favor and remand the case for a new trial.
Reversed and remanded.
FRANK, A.C.J., and BLUE, J., concur.